# Keiser, Appellant, *v.* County of Berks.

*Contracts—Arbitration—Oral agreement to submit to award.*

1. An agreement to submit to an award of arbitrators must be mutual and must show a clear intent to submit the matter in dispute to a tribunal and to be bound by its decision; and the person asserting such agreement has the burden upon him to establish by proof its existence, and when such agreement is alleged to have been by parol it must be established by the preponderance of the evidence.

2. In an action to recover the amount of an alleged award of arbitrators it appeared that plaintiff's property had been injured by a change of grade of a county bridge; that a parol proposition was made by plaintiff to the county commissioners that he should be paid the cost of raising the building to the new grade in lieu of damages, and that arbitrators should be appointed to ascertain such cost; that the commissioners and plaintiff appointed arbitrators who rendered the award upon which the action was brought. Plaintiff testified that neither he nor the commissioners had ever agreed that the amount of money the arbitrators should determine to be the cost of raising the building should be paid by the commissioners, and there was no other proof of any proposition to submit the amount of damages to the arbitrators for determination. The jury found a verdict for defendant, upon which judgment was entered. *Held,* no error.

Argued Feb. 28, 1916.    Appeal, No. 394, Jan. T., 1915, by plaintiff, from judgment of C. P. Berks Co., Oct. T., 1915, No. 100, for defendant in case of David H. Keiser v. County of Berks.    Before Brown, C. J., Mestrezat, Stewart, Moschzisker and Walling, JJ.    Affirmed.

Assumpsit on an alleged award of arbitrator.

The facts appear in the following opinion by Wagner, J.:

This is a suit by the plaintiff against the defendant upon an alleged award in his favor for $13,950.62, together with interest from December 9, 1912, which plaintiff claims was made by five arbitrators.    An award as defined in Green & Coates Streets Pass. Ry. Co. v. Moore & Rich, 64 Pa. 79, on p. 91, is: "the judgment of a tribunal selected by the parties to determine matters actually in variance between them—not merely to appraise and settle the price of property contracted for under the stipulation that this term of the contract was to be so ascertained."

It will be seen from this definition that in order that there may be an award, the matter or matters actually in variance between the parties must be determined.    It is clear from the evidence in this case that the matter in variance between the plaintiff and the defendant was the amount of damages that had accrued to the plaintiff on account of the erection of the new Penn street bridge, and the thereby placing plaintiff's manufacturing plant below grade.

The plaintiff testified that his manufactory, wherein was carried on the manufacturing of shears, was located at the western approach of the bridge; that by reason of the erection of the new bridge this manufacturing plant was placed in a hole; that the pavement was raised almost as high as the building; that the production of the factory had been interfered with, and that by reason thereof he had a claim against the county for damages.

In order that there might be an award it was first

necessary that an agreement be entered into by the parties, that is, the plaintiff in this case and the defendant, to submit this matter of variance, that is, the question of damages, to a tribunal for its determination. This agreement must be mutual and must show a clear intent to submit the matter in dispute to a tribunal and to be bound by its decision: McManus v. McCulloch, 6 Watts 357, 360; Wilson v. Getty, 57 Pa. 266, 269; Somerset Boro. v. Ott, 207 Pa. 539, 542, 543; Conneaut Lake Agricultural Assn. v. Pittsburgh Surety Co., 225 Pa. 592, 596; Reilly v. Rodef Sholem Cong., 243 Pa. 528, 531, and he who asserts this agreement has the burden upon him to establish by proof its existence: Hunn v. Penn. Inst. for the Instruction of the Blind, 221 Pa. 403, 411, and when this agreement, as in this case, is alleged to have been by parol, it must be established by the preponderance of the evidence: Gay v. Waltman, 89 Pa. 453, 457.

It is also clear from the evidence that the basis of this alleged award is a parol proposition claimed to have been made by plaintiff to the county commissioners, and the implied acceptance thereof, and that this constituted the agreement for submission. That this proposition is the basis of the plaintiff's claim of an award is thus made clear by his testimony where he stated he "made them this proposition"; where his claim was that the county comsioners said "that that was a fair proposition." Also where he states his "proposition was a flat one to them" (meaning the county commissioners), and also in other parts of, his evidence, especially where he repeatedly speaks of his proposition that he made to the county commissioners, and the implied acceptance thereof by the appointment of two men and the request to plaintiff to appoint two men, as his agreement with them.

The question then naturally arises: What was the proposition that he made to the county commissioners and which he thus claims was accepted by them, and by the acceptation thereof constituted the agreement for the submission to the five men of the question in vari-

ance, that is, damages? We find the testimony of this plaintiff to be: "Then I proposed it in this way: That if they would pay the cost of raising the plant to the new level, the same as it was with the old level, why, then, I would waive all, any damages that might accrue through the movement of the machinery, and all damages to the building by interruption." This is a proposition that the county commissioners pay the cost of raising the plant to the new level. If that proposition was accepted then we have not an agreement to submit the matter of damages to five arbitrators, but merely an agreement between the plaintiff and the defendant, that the defendant pay to plaintiff the cost of raising his plant to the new level. When asked: "Did you make any proposition to them as to how this cost should be determined?" his answer was: "They said that that was a fair proposition. Then I proposed that we arrive at it this way: I would appoint two men, and they would appoint two men, and then the four men would appoint the fifth man, stipulating that the men that would be appointed should be skilled in their line, each party to appoint one machinist and a carpenter or contractor, and the fifth man appointed by them was to be a civil engineer." If this proposition then in its entirety was accepted by the county commissioners, we have not what is claimed for by the plaintiff, an agreement to submit the matter in dispute to these five men, that is, the matter of damages, but an agreement by the county commissioners with this plaintiff that the county commissioners pay to the plaintiff the cost of raising the plant, and upon their doing so a waiver of damages, together with a further agreement that five men act as appraisers to determine this cost. This is not a submission of the damages to five men, but merely their appointment as appraisers to determine the cost, and, as is clearly pointed out in Green & Coates Street Pass. Ry. Co. v. Moore & Rich, supra, the proper action for the plaintiff would be a suit upon the agreement with the county commissioners, if the agree-

ment be disputed, in which the finding of the appraisers would be the amount to be recovered in case the jury found that such an agreement was entered into. As again bearing upon the proposition, as aforesaid on cross-examination, he says: "My proposition to them was that the amount they would pay me would be the cost of raising it up to the level," and when still further questioned: "And it was to ascertain what it would cost that you agreed on these appraisers?" he answered, "That is what was to be." The question was repeated: "Q. And it was to ascertain what it would cost that you agreed on these appraisers?" he answered, "That is right." If this then was his proposition, you have not a proposition to submit the question in dispute, the damages, to five men, but merely a proposition to submit the cost to them, which cost, as plaintiff claims, the defendant agreed to pay to him in lieu of damages. If, however, you further examine plaintiff's testimony you will find that he there testifies to a different proposition from that just stated. When there questioned: "And you say you proposed to them that if they would raise the building and your machinery to the new grade you would make no claim for damages?" his answer was: "Sure, that was the point." We now have a proposition that the county commissioners raise the building and machinery. The preponderance of plaintiff's evidence as to these two propositions is in favor of the first. Neither of these, however, can in any manner be construed to be a proposition to submit the matter in dispute, the damages, to five men as the basis of an award in favor of the plaintiff. Under neither of these propositions could the question of damages be submitted to the appraisers.

The plaintiff and county commissioners, Sandt and Kutz, were the only persons who were present when this proposition was made. Mr. Sandt when questioned: "Do you recollect he (referring to plaintiff) made a proposition to you?" answered, "He did." When further questioned: "What was the proposition?" he answered:

"That we would appoint two men, that is, the county commissioners would appoint two men, and Mr. Keiser would appoint two, and the four would get together and appoint the fifth one.......They were to go over there, meet at the plant, and make an approximate estimate of about what it would cost to raise this machinery and the building to conform with the grade of the street." Mr. Kutz testifies: "We accepted the proposition to appoint two men to get at the value of raising the machinery and the building." These three witnesses were the only ones who had direct knowledge of what the proposition was. They clearly agree that the proposition was for the appointment of five men merely to estimate the cost of raising the building to the street level, their estimated cost, as alleged by plaintiff in part of his testimony, to be paid in lieu of damages, or, as alleged by the county commissioners, to be merely a tentative arrangement, to see whether they could not get together upon the question of damages.

It is not necessary to discuss the purpose for which these five men were to estimate this cost, for the reason that the suit is not upon the agreement, but upon the award, except to call attention that the plaintiff says that then there was to be a waiver of damages, whilst in other parts of his testimony when questioned: "There was nothing brought up about the commissioners paying you the amount, and you never agreed to stand by the award, what these men would determine to be the cost as your damages?" he answered: "That question was never brought up," which answer is again repeated when questioned: "The commissioners never agreed orally or in writing to pay you the amount of money these men would determine to be the cost of raising your building?" he answered: "No, sir, the question was never brought up."

In view of this testimony as to what the proposition was which plaintiff alleged constituted the agreement for submission to arbitrators, and which testimony, be-

ing given by plaintiff's witnesses, must be taken as verity, we cannot say that the verdict was contrary to the evidence, as alleged in the first reason for a new trial, or that we erred in refusing plaintiff's fourth point, which was one for binding instructions. Neither can we make absolute plaintiff's rule for judgment n. o. v. Indeed, upon this evidence, as produced at this trial, we should have affirmed defendant's point for binding instructions, and directed a verdict for the defendant, instead of submitting it to the jury. The submission, however, by reason of the verdict, did the defendant no harm.

Under this view of the case we are of the opinion it would not be necessary. to consider plaintiff's second reason, that is, that the court erred in the charge. We will, however, pass upon all the errors alleged by plaintiff. The first refers to that portion of the charge where we said to the jury that it "must find not merely a proposition, and an implied acceptance of it, but you must also find from the evidence that this matter of damages was submitted to these five men, after they were selected, because if the question of damages was not submitted to them, then it makes no difference what your other findings may have been, the county would not be bound. The county is only bound if that question was submitted to these five men." And again where we said : "If they were instructed to merely find the cost of raising the building and the machinery, then the verdict must be for the defendant. If, however, their instructions were to award damages, then your finding would be in favor of the plaintiff." We fail to see any error in this. The submission of the matter in dispute is the authority for the arbitrators to act, and it is only as they act upon the matter given to them that their finding amounts to what can be called an award. See cases already cited, and Collins v. Freas, 77 Pa. 493; 3 Cyc. 785.

The other error alleged is where, on page six, we said : "Now, let us look into the evidence upon that (referring to the submission of the question of damages to the five

arbitrators). I have examined the testimony of Mr. Keiser, the plaintiff, and have found nothing in it wherein he says that the matter committed to these five men was the award of damages upon the basis of raising the building." We further said—which is not given as error:—"When he was on the stand I asked him, 'You were not present when the instructions were given to the five men as to what they were to do?' and he answered, 'No, sir, the only thing is I was in when the talk was amongst the four.'"

This is the evidence of the plaintiff. This portion of the charge must be taken in connection with what preceded, where we stated the matter must be submitted to the five men. The plaintiff's answer was that he was not present when instructions were given, the only thing was the talk amongst the four. He had testified that there was a general talk in the commissioners' office, and that after the appointment of Mr. Karns, the fifth appraiser, they would have to come over and arrive at the cost of raising this building to arrive at the amount of damages and make an award. In this portion of the charge, therefore, we gave what is the correct testimony of the plaintiff. But, as already stated, we consider that the determination of this case rests upon the fact that there was absolutely no proof of any proposition to the county commissioners to submit the amount of damages to the five men for their determination.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in refusing plaintiff's motion for judgment n. o. v.

*Isaac Hiester,* for appellant.

*Joseph R. Dickinson,* with him *Ira G. Kutz,* for appellee.

PER CURIAM, March 20, 1916:

This judgment is affirmed on the opinion of the court below, discharging rules for a new trial and judgment n. o. v.