403 A.2d 113

**RICHARD HELD BUILDERS, INC.**

v.

**A. G. ALLEBACH, INC. and Union National Bank & Trust Company of Souderton, Pa.**

**Appeal of A. G. A. CREDIT, Intervenor.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided May 11, 1979.

Ronald F. O'Driscoll, Jr., Lansdale, for appellant.

William B. Brooks, Norristown, for appellee Richard Held Builders, Inc.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

A. G. A. Credit ("Credit") contends that the lower court erred in denying its Petition to Intervene. We conclude that the denial is not an appealable order [1] and, accordingly, quash the appeal.

On August 12, 1976, judgment was entered in favor of Richard Held Builders, Inc. ("Held") and against A. G. Allebach, Inc. ("Allebach") in the amount of $4,718.21. On January 21, 1977, Credit filed a financing statement recording its security interest in "all accounts receivable, all inventory and proceeds of such inventory, all equipment and motor vehicles" of Allebach, pursuant to a loan agreement between Allebach and Credit dated January 18, 1977. On September 28, 1977, Held issued a Writ of Execution on its

---

1. Neither the parties nor the lower court discussed the appealability of the order. However, we may raise appealability and jurisdiction *sua sponte*. *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976).

judgment and, on October 3, 1977, served Allebach's bank ("Garnishee") with a Writ of Attachment and Interrogatories in Garnishment. On October 31, 1977, Credit filed (1) a Petition to Intervene, (2) a petition to dissolve Held's attachment of Allebach's bank account, and (3) answers to Held's interrogatories to Garnishee bank in which Credit stated that any of Allebach's money in Garnishee's possession was the property of Credit under the terms of its January 18, 1977 agreement with Allebach. On December 5, 1977, the lower court ordered depositions and argument on Credit's petition to intervene; no depositions were, in fact, taken. On March 8, 1977, after argument, the lower court denied Credit's petition as "untimely since it was not filed prior to the judgment which was taken on August 12, 1976 after a jury verdict." This appeal followed.

■ An order denying intervention is not appealable unless it "would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way." *Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912). *See* Annot., 15 ALR2d 334. In *Taub v. Merriam*, 251 Pa.Super. 572, 380 A.2d 1245 (1977), appellant, a junior holder of a mortgage-note, filed two separate petitions to intervene after a senior lender had entered a judgment by confession against the borrower. The first petition was under Pa.R.C.P. 2327(4) seeking to open judgment or amend the senior lender's writ of execution; the second petition sought to stay execution under Pa.R.C.P. 3121(b). The junior lender also filed an equity complaint seeking a preliminary injunction against the sheriff's sale; the lower court denied the injunction. We found that denial of the first petition to intervene would not have been appealable because the junior lender still had another available remedy to pursue, namely, its second petition to intervene in order to stay execution pursuant to Rule 3121(b). Concerning the second petition, we found that the only other available remedy was an inadequate substitute for the pre-sale stay sought under Rule 3121(b). Accordingly, we held that the order denying the second petition to intervene was appealable.

■ In the instant case, the lower court's denial of Credit's petition to intervene does not deny Credit the relief it seeks. *Frey, supra.* In its petition, Credit stated: "If [Credit] is permitted to intervene, it will immediately file a Petition to Dissolve the Attachments. . . ." In fact, Credit did not wait for permission to intervene but filed its petition to dissolve the attachment on the same day. Pa.R. C.P. 3143(b) expressly allows "any person or party" to dissolve an attachment by posting bond in the amount of plaintiff's judgment. Thus, Credit is not required to intervene formally in order to obtain the relief it seeks. *See* 9 Goodrich Amram 2d § 3143(b):1. Moreover, Credit can also proceed under (1) Rule 3121(a)(2) which provides a mandatory stay of execution upon entry of a bond without formal intervention or (2) Rule 3121(d)(3) which allows a "party in interest", upon formal intervention, to set aside a writ. *See* 9 Goodrich Amram 2d § 3121:3.1. Because of the above remedies available to Credit, the order refusing Credit permission to intervene is not appealable. *Taub, supra.* Accordingly, we quash the appeal.

Appeal quashed.