464 A.2d 1293

**Dana A. CHIESA**

v.

**A.M. FETCHKO, M.D., George F. Edmonston, M.D., and Joseph Ragheb, M.D.**

**Appeal of PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE.**

Superior Court of Pennsylvania.

Argued June 16, 1982.

Filed Aug. 12, 1983.

Petition for Allowance of Appeal Granted Nov. 14, 1983.

Bradford Dorrance, Harrisburg, for appellant.

190

William S. Schweers, Pittsburgh, for appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

The Pennsylvania Department of Public Welfare (the Department) appeals the Order of the trial court entered January 19, 1982, denying their Petition to Intervene.

The record indicates that plaintiff Dana A. Chiesa filed a medical malpractice complaint against the defendant doctors in February of 1980 under the Health Care Services Malpractice Act (HCSMA), 40 P.S. § 1301.101 *et seq.*[1] The action was subsequently transferred to the Court of Common Pleas in December of 1980. Plaintiff, who was receiving both Medicaid and cash assistance from the Department, did not notify the Department of the pendency of this action. By letter dated July 14, 1981, the Department requested information from plaintiff's counsel concerning any personal injury claim and informing counsel of his duty to notify the Department of such a claim.[2] A reply dated September 4, 1981 was sent by plaintiff's counsel to the Department, stating that the HCSMA, specifically section 602,[3] required no notice to the Department, nor was the Department entitled to any right of subrogation.

Following this exchange of correspondence, the claim was settled and, on October 16, 1981, the docket marked "settled and discontinued." The Department then presented a Peti-

1. Act of October 15, 1975, P.L. 390, No. 111, as amended.

2. The Department alleged that the provisions of the Fraud Abuse and Control Act, Act of June 13, 1967, P.L. 31, No. 21, as amended, 62 P.S. § 1401 *et seq.*, requires a beneficiary with a claim against third parties for injury to notify the Department of any action taken.

3. 40 P.S. § 1301.602, which states:
 § 1301.602 Reduction of award by other benefits
 The loss and damages awarded under this act shall be reduced by any public collateral source of compensation or benefits. A right of subrogation is not enforceable against any benefit or compensation awarded under this act or against any health care provider or its liability insurer.

tion to Intervene [4] to the court. The trial court ordered the settlement monies, $50,000, placed in escrow. The parties then stipulated to the Department's claims of $5,807.95 for medical assistance and $3,996.50 in cash assistance. The Department's Petition was denied by court order entered January 19, 1982.

The Department on appeal seeks review of the trial court's determination that (1) no irreconcilable conflict exists between section 1409 of the Fraud Abuse and Control Act and section 602 of the HCSMA, (2) that section 602 of the HCSMA prevails over section 1409 of the Fraud Abuse and Control Act and (3) that said section 602 does not conflict with sections 1974 or 1975 of the Support Law.[5]

■ We must first determine whether the Order appealed from is final or interlocutory.[6]

An order denying intervention is not appealable unless it "would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way." *Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912). *See* Annot., 15 A.L.R.2d 33.

*Richard Held Builders, Inc. v. A.G. Allebach, Inc.*, 266 Pa.Super. 101, 103, 403 A.2d 113, 114 (1979); *see also Boise Cascade Corp. v. East Stroudsburg Savings Association*, 300 Pa.Super. 279, 446 A.2d 614 (1982).

Unless we consider the merits—or "ramifications"—of a case, we cannot tell whether an order denying a petition to intervene is "a practical denial of relief to which the petitioner for intervention is entitled." *See, e.g., Taub v.*

---

**4.** The docket entries indicate the Petition was filed on November 10, 1981. However, the Department's Rule to Show Cause why the Department should not be permitted to intervene was signed by the court on November 9, 1981 and responses to the Petition were filed on behalf of the plaintiff on October 28, 1981 and on behalf of two of the defendants on November 5, 1981.

**5.** Act of June 24, 1937, P.L. 2045, as amended, 62 P.S. §§ 1974, 1975.

**6.** Neither the parties nor the trial court discuss the appealability of the Order in the instant case. However, this court is empowered to raise the appealability of the Order *sua sponte*. *Davanzo v. Finelli*, 293 Pa.Super. 70, 437 A.2d 995 (1981).

*Merriam,* 251 Pa.Superior Ct. 572, 380 A.2d 1245 (1977) (deciding appeal); *Richard Held Builders, Inc. v. A.G. Allebach, Inc.,* 266 Pa.Superior Ct. 101, 403 A.2d 113 (1979) (quashing appeal).

*Boise Cascade Corp. v. East Stroudsburg Savings Association,* 300 Pa.Super. at 282, 446 A.2d at 615 (footnote omitted).

■ The record indicates that the trial court ordered the settlement monies placed into escrow and that the parties stipulated to the sums paid to the plaintiff by the Department by way of medical and cash assistance. Therefore, as a practical matter, the undisputed res in controversy is being held by the court pending this appeal. The trial court, pursuant to its opinion dated January 11, 1982,[7] held that the Department was not entitled to the monies as a matter of law. The Order of the trial court denying the Department's Petition to Intervene is therefore a practical denial of relief.

The second part of the test for appealability is whether the Department can obtain relief by any other method. The Department has the right, under 62 P.S. § 1974, to sue a beneficiary for reimbursement of benefits paid by the Department. *See Commonwealth of Pennsylvania, Department of Public Welfare v. Livingood,* 22 Pa.Commw. 530, 349 A.2d 816 (1976); *see also Shearer v. Moore,* 277 Pa.Super. 70, 419 A.2d 665 (1980) (Commonwealth, in furtherance of efforts to obtain reimbursement for medical assistance payments, may sue recipient of assistance in court of common pleas). Also, the Fraud Abuse and Control Act, 62 P.S. § 1409(b)(1),[8] states that the Department may sue a tort-

---

**7.** *Chiesa v. Fetchko et al.,* G.D. 81–004770, Court of Common Pleas, Allegheny County, Civil Action-Law.

**8.** Section 1409(b)(1) states, in part:
(b)(1) When benefits are provided or will be provided to a beneficiary under this section because of an injury for which another person is liable, or for which an insurer is liable in accordance with the provisions of any policy of insurance issued pursuant to Pennsylvania insurance laws and related statutes the department shall

feasor or his insurer directly for recovery of benefits paid on behalf of a beneficiary who has suffered injury. However, as stated previously, the trial court held that the Department was not entitled to recover benefits from the plaintiff in the instant case. We hold that, as a practical matter, the Department has no legal alternative [9] to intervention in the instant case. The order denying the Department's Petition to Intervene is, therefore, appealable.

We now turn to the issues raised on appeal.

Initially, it must be noted that all three issues raised by the Department involve the force and effect of section 602 of HCSMA. The record indicates the action was transferred to the Court of Common Pleas, pursuant to an Election of Jurisdiction, by the plaintiff.[10] The record also indicates that the controversy was settled *after* the transfer.

We therefore must initially determine whether section 602 of the HCSMA is applicable in a situation involving the settlement of a malpractice action *after* transfer of the action from the jurisdiction of the HCSMA to the common pleas court.

have the right to recover from such person or insurer the reasonable value of benefits so provided....

**9.** The record indicates that on March 4, 1982, the trial court ordered those monies held in escrow, in excess of the stipulated sum in controversy, distributed to the plaintiff and her counsel. Although it might be argued that this distribution would then require the Department to seek recovery directly from the plaintiff, as a practical matter it is reasonable to expect that suit brought against the plaintiff for recovery of benefits at this time might well be unsuccessful. Also, as stated supra, the monies in controversy are currently being held in escrow pending the outcome of this appeal. On the facts here involved, we are not prepared to require the Department to pursue conjectural alternatives, where the trial court has already moved to identify an appropriate fund specifically reserved for the resolution of this dispute.

**10.** Pursuant to the holding in *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), the provision of HCSMA giving the health care arbitration panels exclusive jurisdiction over medical malpractice claims was determined to be unconstitutional. The *Opinion of the Pennsylvania Attorney General*, 15 Pa.D. & C.3d 585 (1980), stated that any party to a medical malpractice action could elect to have the action transferred to the appropriate court of common pleas.

It is clear that since the holding in *Mattos v. Thompson, supra,* the HCSMA no longer has original exclusive jurisdiction over claims for loss or damage, arising from the furnishing of medical services, against health care providers in Pennsylvania. Therefore, where such an action is either originally instituted in the court of common pleas or transferred to said court from the jurisdiction of the HCSMA pursuant to the Opinion of the Attorney General, 15 D & C 3d 585 (1980), certain other provisions of the HCSMA will no longer apply to the action.[11]

The provision in question states:

§ 1301.602 Reduction of *award* by other benefits

The loss and damages *awarded* under this act shall be reduced by any public collateral source of compensation or benefits. A right of subrogation is not enforceable against any benefit or compensation *awarded* under this act or against any health care provider or its liability insurer. (Emphasis added)

An award has been defined as the decision or determination rendered by arbitrators or commissioners upon a controversy submitted to them. Black's Law Dictionary (5th ed. 1979). *See also* 3 P.L.E. Arbitration § 12 (an award is the final judgment or decision pronounced by the arbitrators in settlement of the controversy submitted to them). Also, it has been held that an award is a judgment of a tribunal selected by the parties to determine matters actually in variance between them. *Keiser v. Berks County,* 253 Pa. 167, 97 A. 1067 (1916).

In the instant case, the settlement was made while jurisdiction was held by the court of common pleas, *not* the HCSMA. Although certain provisions of the HCSMA re-

11. We need not discuss specifically which provisions will remain in force in such a situation, except for section 602. However, it is clear that the provisions relating to professional liability insurance and the catastrophe loss fund will apply, especially after the 1980 amendments to the HCSMA. *See, e.g.,* amendments to 40 P.S. § 1301.701(d) (contingency fund and liability insurance provision amended to apply to all awards, judgments and settlements as a consequence of any claim for professional liability).

main in force in such circumstances, we hold that section 602 is inapplicable to the instant case, as no *award* was involved.

In *Marquez v. Hahnemann Medical College and Hospital of Philadelphia,* 56 Pa.Cmwlth. 188, 424 A.2d 975 (1981), an action for damages *under the HCSMA* was settled. Plaintiff's attorneys sought approval of the settlement and the fixing of counsel fees from the court of common pleas, which was granted by order of court. The settlement was then submitted to the Administrator of the HCSMA for approval, pursuant to section 307(b)[12] of the Act, because the action involved a minor. The Administrator declined to approve the settlement until attorneys' fees were put into conformance with section 604(a) of the Act. On appeal, the commonwealth court held that the court of common pleas had no jurisdiction over the case because the action was within the exclusive jurisdiction of the HCSMA and that the common pleas court's application of the Rules of Civil Procedure concerning settlement did not apply.

We believe the inverse of this holding to be applicable to the instant appeal; where the court of common pleas has jurisdiction over a medical malpractice claim, those sections of the HCSMA which concern *only* actions for arbitration within the ambit of the Act are inapplicable.

As set forth in footnote 8 *supra,* 62 P.S. § 1409(b)(1) clearly gives the Department of Public Welfare the right to recover the reasonable value of benefits provided a beneficiary from a tortfeasor or tortfeasor's insurer.

Section 1409(b)(5) states:

(5) If either the beneficiary or the department brings an action or claim against such third party or insurer, the beneficiary or the department shall within thirty days of

12. Section 307(b) states:
> (b) The administrator shall have the power to consider and approve offers of settlement for fiduciaries, minors and incompetent parties at any time prior to the first meeting of the arbitration panel. The fund may be represented at any negotiation or settlement exceeding the basic coverage insurance carrier limit or liability.

filing the action give to the other written notice by personal service, or certified or registered mail of the action or claim. Proof of such notice shall be filed in such action or claim. If an action or claim is brought by either the department or beneficiary, the other may, at any time before trial on the facts, become a party to, or shall consolidate his action or claim with the other if brought independently.

The instant action never reached trial on the facts. Therefore, section 1409(b)(5) appears to permit the Department to become a party to or to consolidate their action with that of the plaintiff.

Furthermore, section 1409(b)(9) states that "[n]o judgment, award or *settlement* in any action where the department has an interest, shall be satisfied without first giving the department notice and opportunity to perfect and satisfy his [sic] lien." (Emphasis added.)

It is clear that the Department of Public Welfare has the right to recover the benefits paid, on behalf of plaintiff, from the defendants or their insurer. Plaintiff was required to notify the Department within 30 days of the institution of the action in the instant case.[13] The Department also had the right to become a party to the action. Because the Department was not given notice of the action, its Petition to Intervene should have been granted.

The Order entered January 19, 1982 is reversed and the case remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur in the result. But I differ with the rationale employed in the majority opinion. It concludes that the Health Care Services Malpractice Act (HCSMA) provision in

---

13. We need not decide whether plaintiff should have notified the Department of the filing of her action under HCSMA or only upon filing the action in the court of common pleas.

question here, 40 P.S. § 1301.602, is inapplicable to the case *sub judice* because it uses the word "award" and the case before us was settled. In my view this treatment is unnecessary, creates and undesirable method of deciding future cases in this area, and is used to draw a possibly erroneous conclusion.

First, it is unnecessary to rely upon this difference to reach the conclusion that the provisions of the HCSMA do not apply to actions in the Court of Common Pleas. Absent a clear statutory expression to the contrary, there is no reason to suppose that procedures set up under the HCSMA would have any effect on actions pursued in the Courts of our Commonwealth. In other words, it need not be proven that § 1301.602 does not govern in our courts. Quite to the contrary, the burden would be on the party seeking to establish that § 1301.602 *does* reach into the courtroom.

The fact that *one* of the many provisions of the HCSMA may carry over does not alter this basic presumption. There would appear to be quite definite reasons for holding that one of the parts of the HCSMA have currency in malpractice actions in our courts. 40 P.S. § 1301.701(d).[1] This would, however, be the exception to the rule.

Second, I suggest that the majority opinion creates an unfortunate uncertainty as to which of the other provisions of the HCSMA may carry over into the courts, or, indeed, whether this provision would carry over under different facts. It does this by relying upon a specific difference between the HCSMA section in question and the facts of this case to decide that the section was not applicable here. The issue could have been resolved by asking whether there was any indication that HCSMA provisions in general should apply to actions in the courts. This side effect of the majority opinion is all the more regrettable as it is wholly unnecessary to the disposition of the case before us. There is no need for the question before us to be answered by specific arguments supporting the non-applicability of § 1301.602. As noted above, it is its applicability which

---

1. As this question is not presently before us, I would not go as far as my learned brothers in declaring that § 701(d) does carry over.

would require a convincing argument. Without such an argument, its non-applicability would be the inevitable conclusion. In reaching the issue in the manner it has, the majority has utilized not only an unnecessary approach, but also a counter-productive one.

Third, I also have doubts about the accuracy of the implied distinction made between awards and settlements under the HCSMA. If, indeed, the action had remained under the HCSMA and had been settled, it is not at all clear to me that the provisions of § 1301.602 would not apply. The Act itself does not make an explicit distinction between an award and a settlement. Yet the majority opinion would reach such a situation. However, I do not believe that this question is presented by the facts of this case. Therefore, I do not make any firm conclusion myself on this matter; just as I do not think that the majority opinion should reach it.

In conclusion, the majority opinion establishes an unjustifiable procedure of having to establish the non-applicability of HCSMA provisions in court actions. It also makes an unwarranted and possibly erroneous holding as to settlements under the HCSMA.

I concur in the result.