621 A.2d 151

1230 ARCH STREET REALTY CORP., Appellant,

v.

Thomas W. SHERWOOD, Individually and T/A Sherwood Investments and Triester, Rossman and Associates and Bernard Rossman and U.S. Fidelity and Guaranty Co.

Superior Court of Pennsylvania.

Argued Oct. 14, 1992.

Filed March 4, 1993.

---

Joel E. Oshtry, Norman A. Oshtry, Philadelphia, for appellant.

John R. O'Donnell, Philadelphia, for appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

BECK, Judge:

The issue is whether the trial court properly allowed a judgment debtor to file a bond and dissolve a judgment creditor's attachment against the debtor's bank. We hold that the trial court erred in allowing the dissolution of the attachment after a final judgment against the garnishee bank, and therefore reverse and vacate the order below. We remand for reinstatement of the judgment and attachment so that execution against the bank account may proceed.

On or about August 2, 1989, plaintiff-appellant 1230 Arch Street Realty Corporation filed a complaint against several defendants, including defendants-appellees Triester, Rossman & Associates and Bernard Rossman. Appellees were served with the complaint on August 14, 1989. Appellee Bernard Rossman requested and received an extension of time until September 15, 1989 to answer the complaint. On September 18, 1989, appellant filed and served a "10–day notice" of intent to take default judgment against appellees, because no responsive pleading had been filed on their behalf. Pa.R.Civ.P. 237.1. On January 23, 1990, appellant filed a praecipe for entry of judgment against appellees, and default judgment was entered against them in the amount of $16,630.20.[1]

On April 6, 1990, John R. O'Donnell, Esquire entered his appearance on behalf of appellees, and filed a "Motion to Open Default Judgment" on April 11, 1990. After depositions and a

1. This amount includes the sum pleaded in the complaint plus court costs and interest as computed by the prothonotary. Pa.R.Civ.P. 1037.

hearing, an order was entered denying the appellees' motion on August 13, 1990. Appellees timely filed an appeal to this court, but later withdrew their appeal. The default judgment then became final.

Appellant began execution proceedings. Appellant filed a praecipe for writ of attachment and issued a writ of execution in attachment to Royal Bank of Pennsylvania ("Royal Bank"), in the amount of $18,313.01.[2] The garnishee Royal Bank filed answers to interrogatories in attachment, in which it admitted that it held a demand deposit account owned by Triester, Rossman & Associates, and that the balance in the account was $66,090.89. The garnishee's answers indicated that Royal Bank would hold $18,313.01 of this amount as per the writ of attachment. On or about May 28, 1991, appellant filed a praecipe for entry of judgment upon admission against garnishee Royal Bank in the sum of $18,313.01. Pa.R.Civ.P. 3146(b). Although appellant could have at this time proceeded to execute upon the garnished sum (Pa.R.Civ.P. 3148(b)), no further execution proceedings appear on the docket.[3]

On or about October 21, 1991, appellees filed a "Petition for Substitution of Bond." Through this petition, appellees sought to dissolve the attachment against the garnishee bank and "replace" it with a bond in the amount of $23,000 "in favor of and for the protection of the Royal Bank of Pennsylvania." In the petition, appellees' lawyer averred that the attachment against the Triester, Rossman bank account "significantly hampered [appellees'] ability to do business," and because "defense counsel conceeds [sic] that the liability creating conduct was his own mistake rather than that of his client, the onus of financial burden should fall on him rather than the innocent [appellees]."

**2.** This amount includes interest from January 23, 1991 and additional costs.

**3.** This may have been because appellees apparently filed a Petition for Stay of Execution and for Modification of Judgment on May 23, 1991. Not only was this petition improper, since the default judgment was final, but its filing does not appear on the docket. Nevertheless, Judge Maier set a hearing for May 31, 1991, with all proceedings to stay meanwhile. Although a hearing apparently was held as scheduled, Judge Maier never ruled on the petition.

On December 4, 1991, Judge Diaz ordered that appellees could file the "substitution bond" in the amount of $23,000, and the attachment against garnishee Royal Bank was dissolved. This was error. The trial judge based his decision on Rule 3149(4), which authorizes the court "on the petition of any person or party" to permit the "substitution of a bond or security and enter exoneration of a prior bond." Judge Diaz indicates in his opinion that "the bond purchased by Zarwin & Baum, P.C. [appellees' lawyers] was substituted for the initial bond purchased by Triester, Rossman & Associates." *Tr. Ct. Opinion* at 2. This statement belies some confusion on the part of the trial judge. This was not a case of substituting one form of security for another, as is envisioned in Rule 3149. There never was an "initial bond purchased" by appellees. Rather, there was a *garnishment of their bank account, based upon a final judgment which was ripe for execution.* Rule 3149 is inapplicable here.

Nor does Rule 3143 help the appellees. The rule provides in part:

(b)(1) An attachment is dissolved when any person or party files with the prothonotary a bond, with security approved by the prothonotary, in the amount of the plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as obligee, conditioned to pay the plaintiff *the amount finally determined to be due by the garnishee or the value of the property whichever is less....*

(2) Upon the filing of the bond or security, the garnishee shall be discharged from further liability for payment under the attachment, but the attachment *shall be prosecuted to final judgment for the purpose of determining the amount, if any, due by the garnishee to the defendant or the value of the property attached....*

Pa.R.Civ.P. 3143(b) (emphasis added). It is clear that Rule 3143 allows dissolution of an attachment on the filing of a bond *only* where there is some dispute as to the property held by the garnishee or its value, and when, as a consequence, there will be ongoing litigation between the judgment creditor and

the garnishee during which the garnishee's funds may otherwise be held hostage.

Here, the garnishee bank admitted in its answers to interrogatories that it holds an account belonging to appellees, in a precise amount. The bank was therefore subject to judgment upon admission (Pa.R.Civ.P. 3146(b)) and execution. Pa. R.Civ.P. 3148(b). The provisions for dissolution and substitution in Rule 3143 are applicable only to situations where litigation is proceeding on the merits of the garnishment action. *See, e.g., Richard Held Builders, Inc. v. A.G. Allebach, Inc.,* 266 Pa.Super. 101, 403 A.2d 113 (1979) (petition to intervene and petition to dissolve attachment were filed by secured third party prior to garnishee filing answer to interrogatories in attachment). This is not the case here. The garnishment action has been prosecuted to judgment and the underlying default judgment was final long ago. Although appellees believe that they should have another opportunity to argue the merits of the underlying default judgment, and improperly do so argue in their brief to this court, they waived such opportunity by withdrawing their appeal from the order denying their petition to open the default judgment.[4] It simply is too late to complain about the amount or finality of that judgment now.[5]

Order vacated with instructions to reinstate attachment against garnishee in the amount of $18,313.01, plus interest from December 4, 1991, and for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

4. Appellees make this specious argument despite the fact that they concede the default judgment is final. *Appellees' Brief* at 11. We fail to see how "the judgment entered is final [but] the amount remains in dispute." *Id.* at 12.

5. Contrary to appellees' disingenuous assertion, these issues are not "pending before Judge Maier." *Appellees' Brief* at 11. Instead, all issues related to the default judgment have been finally determined. Accordingly appellees' Motion for Stay of Execution and Modification of Judgment must be dismissed as moot.