J. A15034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| Zagrans Law Firm LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Plaintiff/Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| Lakeview 2006 LLC, Yehuda Olewski, | : | |
| | : | |
| Defendants/Appellees | : | |
| | : | |
| and | : | |
| | : | |
| O'Connor Kimball, LLP, ADAR, LLC | : | |
| d/b/a Lincoln on Locust, LP, | : | |
| | : | |
| Garnishees/Appellees | : | |
| | : | |
| Appeal of: Samuel Faibish | : | |
| | : | No. 3290 EDA 2014 |

Appeal from the Order Entered October 22, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 140202325

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:     **FILED SEPTEMBER 30, 2015**

Appellant, Samuel Faibish, appeals from an October 22, 2014 order

entered by the Philadelphia County Court of Common Pleas.  The order

---

[*] Former Justice specially assigned to the Superior Court.

denied his petition to intervene in an execution against funds held in escrow ("Funds") by law firm O'Connor Kimball, LLP ("O'Connor").[1] We quash.

The procedural posture is relatively complex. On February 24, 2014, Zagrans Law Firm, LLC ("Zagrans") filed an Ohio default judgment in the Philadelphia County Court of Common Pleas against Lakeview 2006, LLC, and Yehuda Olewski. To enforce the judgment, the trial court issued writs of execution against ADAR, LLC, doing business as Lincoln on Locust, L.P. ("LOL") and O'Connor on the Funds.

O'Connor responded to interrogatories served pursuant to the writ as follows. The Funds contained attorneys' fees and costs awarded to Appellant and Olewski by a federal district court in *East Mark Int'l, Ltd. v. Adar*, 2014 WL 272033 (E.D. Pa. Jan. 24, 2014) ("*East Mark*"). *See* Garnishees' Answer to Interrogs., 4/3/14, at 2. O'Connor alleged that federal court orders compelled them to hold the Funds in escrow until a court determined who was entitled to the Funds. *Id.* at 4-6.

In *East Mark*, the parties contested ownership interests in LOL and its only asset, a Philadelphia building ("Building"). *See* Trial Ct. Op., 5/21/14. ADAR's sole member, Jacob Ungar, held a 51% interest in LOL; Andre Engel held a minority interest. *Id.* at 2. Appellant and Olewski claimed an oral

---

[1] The underlying order also assessed attorney's fees of $500.00 against Appellant pursuant to Pa. R.C.P. 3213(4).

agreement granted them an interest in LOL and they agreed to arbitrate that claim.[2] *Id.*

Meanwhile, East Mark International, Ltd. ("East Mark"), obtained a $3.6 million mortgage on the Building. *Id.* at 3. On March 4, 2013, East Mark obtained a confessed judgment on the mortgage and filed a writ of execution. *Id.* Appellant and Olewski successfully intervened. *Id.* at 3-4. East Mark withdrew its judgment, but soon after, sold the Building to an arms-length purchaser. *See id.* at 4-5. The federal court found LOL's participation in the sale was improper, declined to enjoin the sale, and awarded counsel fees to Appellant and Olewski. *Id.* at 5-6.

In the instant action, on May 7, 2014, Cipriani & Werner, P.C. ("Cipriani"),[3] filed a petition to intervene and to stay execution on the Funds. On June 20, 2014, Judge Padilla denied Cipriani's motion, holding it was not an indispensable party. Cipriani did not appeal.

On August 5, 2014, Appellant filed the instant petition to intervene and partition the Funds.[4] On October 21, 2014, Judge Dembe denied Appellant's petition under the coordinate jurisdiction rule. This timely appeal followed.

---

[2] In 2011, Ungar and Engel memorialized an agreement to arbitrate LOL's disputes in the Bet Din, a rabbinical court. *Id.* at 2. In an interim decision, the Bet Din found Appellant and Olewski had a 42.5% interest in LOL. *Id.* at 2-3.

[3] Cipriani is counsel for Appellant and Olewski in the *East Mark* action.

[4] Appellant's counsel was also counsel for Cipriani in its May 2014 motion.

The trial court did not request a Pa.R.A.P. 1925(b) statement, but filed a Rule 1925(a) opinion.

On December 24, 2014, we issued a rule to show cause asking Appellant to explain why we should not quash this appeal. Appellant responded on January 7, 2015, that he "was the party responsible for attorneys" in the **East Mark** action, and therefore as "an indispensable party to the trial court matter [his] intervention should have been permitted." Response to Show Cause Order, 1/7/15 at 1, 3. He claimed the underlying order "is appealable as a final order because it . . . dispos[ed] of all of Appellant, Samuel Faibish's, rights in the funds being held. . . ." **Id.** at 1. Alternately, Appellant argued the order is a collateral order and is therefore appealable under Pa.R.A.P. 313:

> First, the trial court's order was separable to the main cause of action as it solely involved Appellant's intervention, and not the execution of funds. Secondly, the right involved is too important to be denied review. . . . The trial court denied [A]ppellant the right to protect its interest in property, which violates public policy. . . . Lastly, if review of Appellant's claim is postponed until final judgment, the claim will be irreparably lost. . . .

**Id.** at 2. Appellant cited several Commonwealth Court decisions purportedly holding that when "rights to property will be lost if review is postponed until final judgment, an order denying intervention is appealable as a collateral order." **Id.** This Court discharged the rule on January 20, 2015.

Appellant presents one issue for our review: whether the trial court erred in denying his petition to intervene. Appellant's Brief at 5. However, we must determine whether this appeal is properly before this Court.

A petitioner may only appeal from a final order unless otherwise permitted by statute or rule. *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 (Pa. Super. 2002); *see* Pa.R.A.P. 341. "A final order is any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). However, "[a]s the official note to Pa.R.A.P. 341 explains, 'an order denying a party to intervene' is no longer considered an appealable final order but, in appropriate cases, **may** 'fall under Pa.R.A.P. 312 (Interlocutory Appeals by Permission) or Pa.R.A.P. 313 (Collateral Orders).'" *Mortg. Elec. Registration Sys., Inc. v. Malehorn*, 16 A.3d 1138, 1141 (Pa. Super. 2011) (brackets omitted). Thus, we must quash an appeal from an order denying a petition to intervene unless the appellant has permission to appeal or the order can be defined as a collateral order. *See id.*

Pa.R.A.P. 313 defines a collateral order as follows:

> (b) **Definition.** A collateral order is an order [1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). "To buttress the final order rule . . . the collateral order doctrine is to be construed narrowly, and every one of its three prongs must

- 5 -

be clearly present before collateral appellate review is allowed." **Malehorn**, 16 A.3d at 1142 (alterations in original omitted).

First, the issue raised in the order must be "separable from the central issue" of the ongoing litigation and should not affect substantive analysis of the issue in the named action. **Id.** Second, to determine whether the "right involved is too important to be denied review," we weigh the importance of that right against the public policy rationale for the final judgment rule. Pa.R.A.P. 313(b). Third, we must determine whether the petitioner would suffer "irreparable loss" of his claim from "rigorous application of a final judgment requirement." **Id.** If a petitioner may vindicate his right through a separate action or has fully litigated his right, then his issue on appeal will not satisfy the "irreparable loss" element of Pa.R.A.P. 313. **Id.** at 1143; **Richard Held Builders, Inc. v. A. G. Allebach, Inc.**, 403 A.2d 113, 114 (Pa. Super. 1979) ("**Allebach**").[5]

In **Malehorn**, we quashed the appeal of a third party, Miller, from an order denying her petition to intervene in the underlying foreclosure action. **Malehorn**, 16 A.3d at 1139. In 2001, Miller purchased a mobile home on the named defendant's un-subdivided property and entered an installment

---

[5] The Court decided **Allebach** prior to the rule-based codification of the collateral order doctrine in 1992. We may, however, rely on caselaw predating the rules as long as they do not conflict. **See** Pa.R.A.P. 313 note ("Rule 313 is a codification of existing case law with respect to collateral orders."); **cf. In re Warden**, 2 A.3d 565, 573 (Pa. Super. 2010) (relying on caselaw predating Pennsylvania's 2006 codification of Uniform Trust Code).

land-sale contract for the portion of land upon which the home sat. *Id.* at 1139.

In 2002, the defendant obtained a mortgage on the entire property, including the land leased to Miller. *Id.* at 1139. Later that year, the plaintiff commenced the underlying foreclosure action. *Id.* In September of 2009, Miller petitioned to intervene in the foreclosure action to assert her alleged property rights, which the court denied. *Id.* Prior to filing her petition to intervene, however, Miller had previously initiated "other forms of litigation" asserting her rights to the land, including the defendant's then-pending bankruptcy action. *Id.* at 1143. Miller appealed. *Id.* at 1139.

The *Malehorn* Court quashed the appeal because the third element of Pa.R.A.P. 313(b) was not present:

> [Miller] now seeks to intervene in this foreclosure action and to relitigate an issue which has been previously resolved by other tribunals. While we appreciate that property rights are deeply rooted in public policy, [Miller] has already pursued other forms of litigation in order to protect her rights. In fact, as the trial court notes, [Miller] was continuing to actively pursue a remedy in the Bankruptcy Court at the time of this appeal.

*Id.* at 1143. "[I]f we elect to postpone our review until final judgment is entered in this [foreclosure] case, we discern no basis upon which to conclude that [Miller's property] claim will be irreparably lost." *Id.*

Similarly, in *Allebach*, we quashed an appeal from an order denying a petition to intervene in an action to attach funds. *Allebach*, 403 A.2d at 114. In that case, the plaintiff served the judgment debtor's bank with a

writ of attachment to satisfy a judgment. ***Id.*** However, a third party had perfected a security interest in the judgment debtor's assets. ***Id.*** The third party thus filed a petition to intervene and a petition to dissolve the attachment per Pa.R.C.P. 3143. ***Id.*** at 115  The ***Allebach*** Court quashed the appeal because the third party could obtain the relief it wanted under Rule 3143, as well as Rules 3121(a)(2) or (d)(3), without a formal intervention. ***Id.***

Instantly, because the underlying order denies Appellant's right to intervene, it is not a final order pursuant to Pa.R.A.P. 341. ***See*** Pa.R.A.P. 341 note. We therefore focus on whether Appellant has complied with the requirements of Rule 313(b), particularly the third prong. As with the third party in ***Allebach***, denying Appellant's petition to intervene does not foreclose an opportunity for relief. ***See Allebach***, 403 A.2d at 115; ***see also*** Pa.R.C.P. 3121. Thus, construing the collateral order doctrine narrowly, the third element of Pa.R.A.P. 313(b) is not "clearly present." ***See Malehorn***, 16 A.3d at 1142. Accordingly, we quash the instant appeal.

Appeal quashed.

Judge Bowes joins the memorandum.

Judge Mundy concurs in the result.

J. A15034/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015