## Averell Daniel v. Leo Sochacky
## Commonwealth of Pennsylvania, Appellant.

Argued May 6, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert S. Englesberg,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellant.

*Robert B. Truel,* with him *John R. Bowman,* for appellee.

OPINION BY JUDGE KRAMER, July 10, 1975:

This is an appeal filed by the Commonwealth of Pennsylvania, Department of Public Welfare (DPW) from an order of the Court of Common Pleas of Allegheny County denying DPW's request for $7,656.44 retained by the Sheriff of Allegheny County from the proceeds of a Sheriff's sale of real estate of one Leo Sochacky (Sochacky).

It was stipulated between DPW and Sochacky that the factual narrations contained in the opinion of the court below are accurate, and we, therefore, adopt them for the purpose of this appeal. The procedural aspects of what transpired between the various parties involved in the claims, pleadings, judgments, executions, and sales are complicated, but for the purpose of this opinion we relate only certain pertinent facts.

On June 4, 1968, one John Belitskus entered a judgment by confession against Sochacky in the sum of $6,979.70. There followed a sheriff's sale of the real estate owned by Sochacky upon execution on that judgment. On July 5, 1968, the property was exposed for public sale by the Sheriff of Allegheny County and purchased by Averell E. Daniell[1] for $50,000. On August 15, 1968, a deed purporting to convey the property of Sochacky to Daniell was recorded in the Recorder of Deeds Office of Allegheny County. Despite the sale, Sochacky remained in possession of the land, and on September 19, 1968, Daniell commenced an action to quiet title against Sochacky. A jury trial was held in which the court directed a verdict in favor of Sochacky

---

1. The record indicates that this party's name is correctly spelled "Daniell," although this appeal has been captioned with the spelling "Daniel."

on the grounds that the sale of the real estate was not in conformity with the law. No appeal was taken from that determination. There then followed certain procedural maneuvers under which the property was for a second time made subject to a sheriff's sale on October 1, 1973, in conformance with a court decree. In this second sale the real estate was bid in by C. F. & J., Inc. for $74,664. Of this amount, $24,345.36 has been and is now being held by the Sheriff in the name of Sochacky.

For the period September 9, 1968, through October 9, 1973, Sochacky had received public assistance benefits from DPW in the amount of $7,656.44. Upon being apprised of the existence of the funds being held in Sochacky's name by the Sheriff of Allegheny County, DPW filed a petition on October 23, 1973, in which it requested a rule on Sochacky to show cause why DPW should not be substituted for his rights to the extent of the public assistance benefits paid to him. DPW's claim had been reduced to judgment. DPW made its claim under sections 4 and 5 of the Support Law, Act of June 24, 1937, P. L. 2045, *as amended,* 62 P.S. §§1974 and 1975. Sochacky was duly served, but he did not attend the hearing scheduled for December 3, 1973, nor did he file an answer to DPW's petition. The hearing was restricted to the proof of the claim under the judgment, and the only evidence offered was by DPW. No question was raised at the hearing by anyone, including the hearing judge, on any of the matters which had transpired either procedurally or on the merits prior to the claim by the Commonwealth.

On May 7, 1974 the court below filed an opinion and order in which the court examined the entire procedural matter, as a result of which it concluded that the prior orders of the Court of Common Pleas of Allegheny County were erroneous and the Sheriff's sales were thereby defective. As a result, the lower court concluded that because the second Sheriff's Sale was void, the $24,345.36

held by the Sheriff did not belong to Sochacky. It is important to realize at this point that Sochacky filed no exceptions or any appeals from the second Sheriff's sale. DPW filed exceptions to the court's order of May 7, 1974 which were dismissed on June 18, 1974, on the basis that DPW was not a party to the action to quiet title and had no standing to present its petition for a rule on Sochacky.

On appeal to this Court DPW presents two issues, arguing first that the court below committed an error of law in refusing to grant the petition of DPW for reimbursement of the public assistance payments made to Sochacky. DPW's second contention is that the court committed an error of law in collaterally attacking the validity of the second sheriff's sale when the execution debtor failed to raise any question concerning the sale's validity. In essence, it is DPW's position that it was improper for the court to consider, *sua sponte,* issues not raised by the pleadings.

Preliminary, we note that Sochacky did not submit a brief to this Court. Counsel for Sochacky appeared, but confessed to the Court that he had been unable to contact Sochacky to discuss the matter or to receive payment for his services.[2]

The lower court had before it a proper petition for a rule to show cause, filed by DPW and based upon proper judgment, which averred that under the Support Law, DPW was entitled to be substituted for a public assistance recipient in the amount of such claim when

---

2. We take judicial notice of the fact that the Sheriff of Allegheny County executed, acknowledged and delivered a deed to C. F. & J., Inc. upon payment of the bid. The deed was recorded, and later C. F. & J., Inc. filed a complaint in ejectment against Sochacky. When Sochacky failed to file any responsive pleading, that corporation obtained a judgment for possession of the property on February 17, 1974 (*See* C. F. & J., Inc. v. Leo Sochacky, No. 908 April Term, 1974, Court of Common Pleas of Allegheny County).

proven. When Sochacky failed to respond to that petition (after being duly served), and after DPW proved its case on the record (which it clearly did), the lower court had a duty to make a determination of those facts presented to it. It was improper for the court below to raise *sua sponte* issues concerning the validity of the fund held by the Sheriff against which DPW was making a claim in substitution for Sochacky. The court could not on its own motion take an appeal on behalf of Sochacky when he had shown no interest in appealing. We find no fault with the reasoning of the court below and frankly state that if Sochacky had taken an appeal properly and presented the issues raised by the court below *sua sponte,* the court's opinion would be very persuasive. But Sochacky took no appeal and raised none of the issues attacking the second Sheriff's sale. The court below could not collaterally attack a Sheriff's sale on issues that were never raised by the parties concerned with that sale. *See Garrison v. Erb,* 424 Pa. 306, 227 A. 2d 848 (1967); *Knox v. Noggle,* 328 Pa. 302, 196 A. 18 (1938); and *Roberts v. Gibson,* 214 Pa. Superior Ct. 220, 251 A. 2d 799 (1969).

As our Supreme Court said in *Robinson Township School District v. Houghton,* 387 Pa. 236, 240, 128 A. 2d 58, 60 (1956), "[o]rderly judicial procedure requires that nothing more be passed upon by a court than the justiciable question posed for its decision." *See also Wiegand v. Wiegand,* Pa. , 327 A. 2d 256 (1975), and *Paxton Maymar, Inc. v. Commonwealth of Pennsylvania Liquor Control Board,* 11 Pa. Commonwealth Ct. 136, 140-41, 312 A. 2d 115, 117 (1973).

The question of the title to the money in the hands of the Sheriff was not at issue before the court below. The only issue presented was whether the DPW could be substituted for Sochacky so as to lay claim to the $7,656.44. If the Court of Common Pleas of Allegheny County made any erroneous orders involving the second

Sheriff's sale, those errors could have been corrected by the parties to that suit. After the appeal had run, those orders, whether correct or not, became the law of the case and could not be reversed, vacated or voided by the court in another lawsuit unrelated to any of the issues involved in the Sheriff's sale. For these reasons we must reverse the court below, and we issue the following:

ORDER

AND NOW, this 10th day of July, 1975, based upon the above discussion, it is ordered that the orders of the Court of Common Pleas of Allegheny County dated May 7, 1974 and June 18, 1974 in the above-noted case are hereby vacated; and it is ordered that the Department of Public Welfare of the Commonwealth of Pennsylvania is hereby substituted for the rights of Leo Sochacky, also known as Leo J. Sochacky, to the extent of $7,656.44 from the proceeds held by the Sheriff of Allegheny County at Ex. 567 July Term, 1968, in the name of Leo Sochacky, pursuant to the provisions of sections 4 and 5 of the Support Law, Act of June 24, 1937, P. L. 2045, *as amended*, 62 P. S. §§1974 and 1975.