**JUNGKURTH, Rhoda, Gruber, Joyce**

v.

**EASTERN FINANCIAL SERVICES, INC.**

**Civ. A. No. 87–5888.**

United States District Court, E.D. Pennsylvania.

June 15, 1988.

**334**

Henry J. Somer, Philadelphia, Pa., for plaintiffs.

Leonard Spear, Samule L. Spear, Philadelphia, Pa., for defendant.

Edward Sparkman, Philadelphia, Pa., Chapter 13 standing trustee.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

In February, 1986, plaintiffs, Joyce Gruber, her partner, Rosemary Smosmy, and defendant, Eastern Financial Services, Inc., ("Eastern"), entered into a transaction, whereby Gruber and Smosmy obtained a loan from Eastern to purchase and operate a lunch truck business. As security for this loan, Eastern took mortgages against the residences of Gruber and her mother, Rhoda Jungkurth, who acted as surety for the loan. The business failed, and debtors subsequently filed Chapter 13 bankruptcy petitions.

During the bankruptcy court proceedings,[1] both plaintiffs filed complaints averring that Eastern's interest rate was usurious in violation of Pennsylvania law 41 P.S. § 502, and that Eastern had imposed pre-

---

1. The bankruptcy proceedings are reported in *In re: Jungkurth,* 74 B.R. 323 (Bankr.E.D.Pa.1987).

payment penalties in violation of 41 P.S. § 405. In addition, both plaintiffs argued that Eastern engaged in practices which violated the Unfair Trade Practices and Consumer Protection Law (referred to as "UDAP" for "unfair deceptions and practices"), 73 P.S. § 201–1 *et seq.*, as well as state collection regulations.

Bankruptcy Judge David A. Scholl determined that the transaction was both a business loan and a residential mortgage. As a business loan, said transaction was statutorily exempt from the interest rate limitation on residential mortgages. On the other hand, as a residential mortgage the loan was subject to the statutory prohibition on prepayment penalties. The court found that defendant had violated this latter prohibition but not the former. The court also concluded that Eastern's representations to plaintiffs as well as the collection methods employed by it constituted violations of UDAP. However, the court limited plaintiffs' remedy to the elimination of their remaining loan balance since it also found that plaintiffs had failed to prove actual damages. Nonetheless, the court stated that it would allow reasonable attorney's fees to the debtors' counsel. *Jungkurth,* 74 B.R. at 323.

On June 16, 1987, plaintiffs' attorneys filed a motion for attorneys' fees. Eastern opposed this motion arguing for denial or, in the alternative, for modifications. At the August 18, 1987 fee petition hearing, counsel for Eastern argued that plaintiff's fee petition did not properly segregate hours spent pursuing unsuccessful claims from successful ones. Eastern also objected to plaintiff's proposed rates of $170 per hour for 1986 and $180 per hour for 1987, derived from a fee schedule utilized by Community Legal Services (CLS). In response to Eastern's objections, the bankruptcy court reduced by one-third the proposed attorney's fee for certain items since plaintiffs' counsel estimated that he spent approximately one-third of his time on unsuccessful claims. However, the court rejected Eastern's argument regarding plaintiffs' proposed hourly rates and accepted the proposed rates as reasonable. By order dated August 18, 1987, Judge Scholl granted an attorney fee award of $5,358.05 pursuant to 41 P.S. § 503 and 73 P.S. 201–9.2(a) and costs in the amount of $34.80. From this attorneys' fee award, Eastern appeals.

On appeal Eastern presents four issues for this court's review. First, Eastern argues that given the bankruptcy court's conclusion that the transaction at issue was a business loan, it could not properly find that defendant violated the state consumer statute, UDAP and the regulations promulgated thereunder. Second, Eastern contends that plaintiffs did not satisfy their burden of segregating successful fee generating issues from unsuccessfull non-fee generating issues in their attorney's fees motion. Third, Eastern challenges the bankruptcy judge's informal reduction of plaintiff's fee petition by only one-third in reliance on the estimate by plaintiff's counsel that one-third of his time for certain work was spent pursuing unsuccessful issues. Finally, Eastern questions the propriety of the court's adoption of the hourly rates requested by plaintiffs.

The plaintiffs-appellees have filed a cross-appeal to challenge the bankruptcy court's reduction of the attorney fee award as an abuse of discretion. In addition, plaintiffs argue that the underlying transaction did not qualify as a business loan under Pennsylvania law and furthermore that the bankruptcy court erred in failing to award damages for unfair collection practices.

■ In *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 452–53 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982), the Supreme Court ruled that post judgment fee requests are collateral to the decision on the merits. Accordingly, decisions on the merits were final and appealable despite the pendency of motions for the award of attorney fees. Prior to *White,* the Third Circuit had embraced a position which postponed the finality of judgments on the merits until after resolution of any pending post judgment fee petitions. *See Croker v. Boeing Co.,* 662 F.2d 975 (3d Cir.1981) (in

banc). Following *White*, the Third Circuit modified its stance, and ruled in *West v. Keve*, 721 F.2d 91, 95 (3d Cir.1983):

[A]n appeal on the merits of the predicate case must be filed within the requisite time period following entry of judgment thereon, notwithstanding that an attorney's fee petition may also be, or has been, filed. Where the litigant fails to file a timely notice of appeal within the prescribed period, the litigant loses the right to an appeal on the merits of the predicate controversy.

Applying the principles of *West* to the instant appeal from an award of attorney fees in a bankruptcy court proceeding, neither appellant nor appellee may challenge the judgment on the merits entered by Judge Scholl on May 28, 1987.[2] Consequently, this court lacks jurisdiction to address appellant's charge that the bankruptcy court erroneously found a UDAP violation as well as plaintiffs' arguments on cross-appeal regarding Judge Scholl's designation of the transaction between the parties as a business loan and his decision not to award damages for collection violations.

However, since plaintiff's fee petition is collateral to the underlying judgment, the parties have timely appealed Judge Scholl's final attorney fee award. Therefore, this court must review the bankruptcy court's Order of August 18, 1987, with regard to the remaining issues raised by the parties.

In his opinion of May 27, 1987, Judge Scholl cites 41 P.S. § 503 as providing the statutory basis for an award of attorney's in this action. (Opinion, p. 35). In addition, he expressed his belief that attorney's fees were also justified under UDAP, 73

P.S. § 201–9.2(a). The former statute, 41 P.S. § 503, provides:

The award of attorney's fees shall be in an amount sufficient to compensate attorneys representing debtors in actions arising under this act.... In determining the amount of the fee, the court may consider:

(1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case.

(2) The customary charges of the members of the bar for similar services.

(3) The amount involved in the controversy and the benefits resulting to the client or clients from the services.

(4) The contingency or the certainty of the compensation.

In *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 166 (3d Cir.1973) (*Lindy I*), the Third Circuit established the following standard of review for court awarded attorney fees:

In awarding attorneys' fees, the district judge is empowered to exercise his informed discretion, and any successful challenge to his determination must show that the judge abused that discretion.... [F]ailure to adhere to proper standards and to follow appropriate procedures would constitute abuse of the district court's discretion to award attorneys' fees. (footnote and citations omitted)

This standard has been applied in federal statutory fee cases, *see Hughes v. Repko*, 578 F.2d 483 (3d Cir.1978); *Prandini v. National Tea Co.*, 557 F.2d 1015 (3d Cir. 1977), and offers a helpful guide to this court's review of a bankruptcy judge's award of fees pursuant to a state statute.[3]

---

**2.** Contrary to defendant's suggestion, the Third Circuit ruling in *Beckwith Machinery Co. v. Travelers Indemnity Co.*, 815 F.2d 286 (3d Cir. 1987), does not compel this court's review of the bankruptcy court's judgment on the merits. Therein, the court held that "when the award of attorney's fees arises out of and is part of the claimant's cause of action and is not separately authorized by a statute providing for such an award, an order does not become final until the attorney's fees are quantified." Id. at 290. The present case is clearly distinguishable since there was statutory authorization under state

law for the award of reasonable attorney fees by Judge Scholl. *See*, 41 P.S. § 503. *In re Jungkurth*, 74 B.R. at 336.

**3.** The court notes that the fee application in the instant case, unlike those in typical bankruptcy proceedings, seeks payment from the adjudged wrongdoer rather than from a debtor estate. *Compare In re Shaffer–Gordon Associates, Inc.*, 68 B.R. 344 (Bankr.E.D.Pa.1986) (Chapter 11 bankruptcy proceeding).

It is also consistent with state law. *See Shearer v. Moore,* 277 Pa.Super. 70, 78, 419 A.2d 665, 669 (1981) ("The reasonableness of an award of attorney fees ... is a matter which rests within the sound discretion of the trial judge and will be altered by an appellate court only when there is a clear abuse of discretion.").

Under a *Lindy I* analysis, courts derive lodestars for attorney fee awards by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *See Hughes v. Repko,* 578 F.2d 483, 492 (3d Cir.1978); *Swicker v. William Armstrong & Sons, Inc.,* 484 F.Supp. 762 at 766 (E.D.Pa.1980). The first variable, the number of hours, should accurately reflect "only the hours of legal service reasonably supportive of [successful] claims." *Hughes,* 578 F.2d at 487. Hence, a trial court must determine "not only the number of hours actually devoted to the successful claims, but also whether it was reasonably necessary to spend that number of hours in order to perform the legal services for which compensation is sought." *Id.* The second variable, a reasonable hourly rate, requires review of a broad range of factors, including the difficulty of the issues litigated, the prevailing market rate for counsel of petitioner's experience and stature, the normal billing rate, and the rates awarded by other courts under similar circumstances. *See Swicker,* 484 F.Supp. at 767.

■ Upon a review of the record on appeal and all briefs submitted by the parties, this court rejects appellants contention that the bankruptcy judge's approval of hourly rates of $170/hour for 1986 and $180/hour for 1987 constituted an abuse of discretion. Although the Community Legal Services fee schedule has been favorably received in this circuit, *see* Court Awarded Attorney Fees, Report of the Third Circuit Task Force, 108 F.R.D. 237, 260 n. 70 (1985), Judge Scholl did not blindly rely on it. Rather, Judge Scholl found said fees to be reasonable based on considerations which included the difficulty of the issues presented by the case as well as plaintiff counsel's expertise and stature in the bankruptcy field. (Memorandum and Order of August 18, 1987, at 2.) This comports with the requirement of *Lindy I* and its progeny as well as 41 P.S. § 503.

■ Similarly, the court reject plaintiffs' argument that the court abused its discretion by excluding from the lodestar calculation any compensation for travel time and what the court characterized as an "unsolicited" reply brief and letter submitted by counsel for plaintiff. As observed in *Swicker,* "[a]fter it has been determined which hours are 'reasonably supportive' of the successful claims, it must be determined whether it was 'reasonably necessary to spend that number of hours' in support of those claims." 484 F.Supp. at 767 (quoting *Hughes,* 578 F.2d at 492). We find that Judge Scholl found excluded items such as travel time not reasonably necessary, and therefore appropriately exercised his discretion. (*See* Memorandum and Order, at 3.)

■ In addition, the court finds that Judge Scholl's reduction of the lodestar by one-third, challenged for different reasons by both parties, was appropriate. Counsel for plaintiff's certified to the court that about one-third of his time for certain items was expended on unsuccessful issues. Judge Scholl specifically found this estimate reasonable. (Memorandum and Order, at 2.) The bankruptcy judge, being best situated to evaluate counsel's performance and to assess credibility, was entitled to credit said certification. Counsel for plaintiff may not now argue that Judge Scholl abused his discretion by considering counsel's own in court admission.

An appropriate judgment follows.

### JUDGMENT

AND NOW, this 15th day of June, 1988, upon consideration of the record on appeal in the above captioned action and all briefs, IT IS ORDERED that the award of attorney fees by the bankruptcy judge is AFFIRMED.