**Patricia SMITH**

v.

**The KISSELL COMPANY.**

Civ. A. No. 89–1548.

United States District Court, E.D. Pennsylvania.

April 18, 1989.

---

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for Patricia Smith.

Jonah Levin, Norristown, Pa., for The Kissell Co.

Edward Sparkman, Philadelphia, Pa.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

### 1. *Introduction*

This matter is before the court on appeal from a ruling by a United States Bankruptcy Judge denying plaintiff/debtor attorney's fees. The sole issue to be decided on this appeal is whether the bankruptcy court erred as a matter of law when it refused to allow the debtor to file an application which included a request for attorney's fees under 41 P.S. §§ 503, 504, when the debtor successfully eliminated claims by the defendant for interest in excess of that permitted under 41 P.S. § 202.

### 2. *History of the Case*

Our recitation of the history of this case will be brief. Plaintiff/Debtor Patricia Smith ("Debtor") filed objections to a proof of claim filed by Defendant/Mortgagee Kissell Company ("Mortgagee"). Debtor objected to Mortgagee's adding a mortgage insurance premium into its calculations twice, resulting in a higher charge to Debtor. Also challenged was the amount of interest charged by Mortgagee for the time period between the judgment and the filing

of the bankruptcy plan (May 21, 1987 through July 31, 1987). Debtor claimed that the statutory legal rate (6% per annum) was proper, while Mortgagee claimed that the contract rate of the original mortgage (14% per annum) applied. Debtor prevailed on both points.[1] The only issue left to be determined is whether Debtor is entitled to attorney's fees resulting from her successful challenge of Mortgagee's claim to the contract rate of interest.

The dispute as to the applicable interest rate centered on whether the original mortgage merged with and was extinguished by the foreclosure judgment, as claimed by Debtor. Mortgagee claimed that 41 P.S. § 101 *et seq.* ("the Act") alters this common law merger doctrine by allowing for a cure of the default notwithstanding a foreclosure judgment (41 P.S. § 404). Mortgagee's argument was that so long as the right of cure exists, the mortgage contract cannot be considered merged and extinguished, thus it was entitled to the contract interest rate.

The bankruptcy judge held in favor of the Debtor, reaffirming an earlier decision, *In re Herbert*, 86 B.R. 433 (Bkrtcy.E.D.Pa. 1988), which squarely held that a mortgage merges into a foreclosure judgment notwithstanding the right to cure. Moreover, *Herbert* also held that a judgment creditor in Pennsylvania is entitled to interest at the legal rate only, even if a previous contract rate was higher. 86 B.R. at 436 (citing 10 Standard Pa. Practice 2d 473 (1982)). *See also In re Cole*, 89 B.R. 433, 439 (Bkrtcy.E.D.Pa.1988) (citing *Herbert* as controlling on the calculation of post-judgment interest). The bankruptcy judge held that Mortgagee was entitled to interest only at the legal rate of 6% per annum, (41 P.S. § 202).[2]

The debtor filed a claim for attorney's fees pursuant to 41 P.S. § 503. The bankruptcy judge denied the claim stating that he "failed to see how a claim that the mortgagee miscalculated the interest due on its claims violated Act 6 of 1974, 41 P.S.

---

1. Mortgagee's adding the mortgage insurance premium into its proof of claim calculations twice was held to be a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* As a result, Debtor was entitled to recoup a $1,000 TILA penalty, plus attorney's fees for successful-

ly litigating a TILA claim (15 U.S.C. § 1640(a)(3). These fees are not the subject of this appeal.

2. The mortgagee/creditor has not appealed this ruling and, therefore, it is not before this court.

§ 101 *et seq.*" (Bkrtcy.Ct. opinion, p. 15). It is this ruling that is the subject of this appeal.

### 3. *Discussion*

The debtor was successful in reducing the mortgagee-creditor's claim by an amount equal to the difference between the contract interest at the rate of 14% and interest at the rate of 6% for the period May 21, 1987 to July 31, 1987.

Section 503 of the Act provides:

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he *shall* recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.

(b) The award of attorney's fees shall be in an amount sufficient to compensate attorneys representing debtors in actions arising under this act as provided in subsection (a) of this section. In determining the amount of the fee, the court may consider:

(1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case.

(2) The customary charges of the members of the bar for similar services.

(3) The amount involved in the controversy and the benefits resulting to the client or clients from the services.

(4) The contingency or the certainty of the compensation.

(c) Any time attorneys' fees are awarded pursuant to any provision of this act, a borrower or debtor shall not be entitled to duplicate recovery of attorneys' fees under this section, sections 407 or 504 or any other provision of this act. (emphasis added.)

41 P.S. § 503.

The language of subsection (a) of § 503 is mandatory and as the prevailing party, the debtor is entitled to recover the "reasonably incurred" attorney's fees and costs from the creditor calculated in accordance with the criteria set forth in § 503(b). Thus it was in error for the bankruptcy court to refuse to allow the debtor to file an application for attorney's fees and costs.

Accordingly, the matter will be remanded to the bankruptcy court for further proceedings.

### ORDER

AND NOW, this 18th day of APRIL, 1989, for the reasons set forth in the Memorandum of Decision filed herewith, it is

### ORDERED

that the order of the Bankruptcy Court denying debtor the right to file an application for attorney's fees and costs is REVERSED and the case is REMANDED for further proceedings consistent with the Memorandum of Decision.