102 B.R. 407 (1989)
Namie HERBERT, Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee.
Civ. A. No. 88-8481.
United States District Court, E.D. Pennsylvania.
July 10, 1989.
Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for appellee.
Thomas Puleo, Philadelphia, Pa., for appellant.

OPINION AND ORDER
VAN ANTWERPEN, District Judge.
In the instant core matter, debtor Namie Herbert appeals the ruling by United States Bankruptcy Judge Scholl denying her attorney fees. Our jurisdiction is predicated upon 28 U.S.C. § 158. The sole issue we must decide is whether the Bankruptcy Judge erred as a matter of law when he refused to award the debtor attorney's fees under 41 Pa.Stat.Ann. §§ 503, 504 (Purdon Supp.1988). We exercise plenary review over the bankruptcy court's legal conclusions. Ram Construction Co. v. American States Insurance Co., 749 F.2d 1049, 1052-53 (3d Cir.1984). For the reasons stated below, we affirm the decision of the bankruptcy judge.
BACKGROUND
On June 1, 1987, the debtor Namie Herbert ("Herbert") filed a voluntary chapter 13 bankruptcy. On July 21, upon motion of Herbert, the bankruptcy court entered an order permitting her real estate to be sold free and clear of liens. On July 24, the real estate was sold and the proceeds were placed in an escrow account.
*408 On November 16, Appellee Federal National Mortgage Association ("FNMA") filed a motion for the distribution of the proceeds of the sale and a proof of claim. In response, Herbert filed a complaint objecting to FNMA's proof of claim alleging that FNMA violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") in failing to provide Herbert with a disclosure statement in connection with the loan transaction. In addition, under Act 6 of 1974, 41 Pa.Stat.Ann. § 202 (Purdon Supp. 1988) ("Act 6")[1] and 42 Pa.Cons.Stat.Ann. § 8101 (1982)[2], Herbert challenged the FNMA's right to the interest it was claiming.
The court held a consolidated trial on FNMA's motion and on Herbert's complaint. On May 26, 1988, the court concluded that the FNMA was not entitled to as much interest as it claimed, but the court did not find that the FNMA's excessive interest charge violated Act 6. In re Herbert, 86 B.R. 433, 436 (Bankr.E.D.Pa.1988). The court did hold that the FNMA violated the TILA and that therefore Herbert was entitled to attorney's fees under the TILA.
On June 27, 1988 Herbert filed a motion seeking attorney's fees under both the Truth in Lending Act[3] and also under Act 6, 41 Pa.Stat.Ann. §§ 503 and 504 (Purdon Supp.1988) for the alleged violation of Act 6. In pertinent part, the Act 6 attorney's fee sections provide as follows:
If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonable incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.
41 Pa.Stat.Ann. § 503 (emphasis added).
Any person affected by a violation of the act shall have the substantive right to bring an action ... together with costs including reasonable attorney's fees....
41 Pa.Stat.Ann. § 504 (emphasis added).
On August 10, after a hearing, the court entered an order denying Herbert's claim for attorney's fees for the alleged violation of Act 6 but permitting Herbert to file a new certification which specified the fees which she incurred pursuing her Truth in Lending claim. Herbert did not appeal either the May 26 order or the August 10 order.[4] On September 8, the bankruptcy court awarded Herbert counsel fees and costs of $2,248.10 for the work performed in prosecuting the Truth in Lending claim. This appeal followed.
DISCUSSION
Herbert appeals this case on the sole ground that the bankruptcy court erred in denying her fees under Act 6; she does not take issue with the amount the court awarded her under the TILA. Herbert contends that she was the "prevailing party" under Act 6, and is therefore entitled to attorney's fees. FNMA argues that the Bankruptcy Judge's May 26 and August 10 orders indicated that he found no Act 6 violation. Therefore, FNMA contends that Herbert's appeal implicitly questions the correctness of the Bankruptcy Judge's decision on the merits, and that because Herbert did not timely appeal that decision, we may not evaluate its propriety. In response, *409 Herbert insists that she is satisfied with the decision on the merits and because she only appeals the fee determination, which is collateral to the decision on the merits, her appeal is timely. We agree with Herbert's position on the collateral nature of fee determinations, but do not accept her implicit conclusion that would entitle her to a review of the decision on the merits.
In White v. New Hampshire Department of Employment Security, 455 U.S. 445, 452-53 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982), the Supreme Court held that post-judgment fee requests are collateral to the decision on the merits. Therefore, despite the pendency of motions for attorney's fees, decisions on the merits are appealable. Id. Following the dictates of the Supreme Court, the Third Circuit held that:
[A]n appeal on the merits of the predicate case must be filed within the requisite time period following entry of judgment thereon, notwithstanding that an attorney's fee petition may also be, or has been filed. Where the litigant fails to file a timely notice of appeal within the prescribed period, the litigant loses the right to an appeal on the merits of the predicate controversy.
West v. Keve, 721 F.2d 91, 95 (3d Cir.1983).
Applying West to the instant matter, neither appellant nor appellee may challenge the judgment on the merits entered by the Bankruptcy Judge on either May 26 or August 10.[5] Therefore, to the extent that Herbert's appeal alleges that the Bankruptcy Judge erroneously found that FNMA did not violate Act 6, we are without jurisdiction to entertain the argument. See Jungkurth v. Eastern Financial Services, Inc., 87 B.R. 333, 336 (E.D.Pa.1988). However, because Herbert's fee petition is collateral to the underlying judgment, we must consider the correctness of the order of September 8, albeit without addressing the question whether FNMA violated Act 6.
Section 503 makes clear that attorney's fees are available under Act 6 only if one "prevails in an action arising under the act." Section 504 allows attorney's fees where there has been a "violation of the act." Herbert argues that she is the prevailing party and that the act has been violated because "the debtor had no serious complaint with the bankruptcy court's ruling on the merits.... The court ruled in the debtor's favor on almost every issue." (Debtor's Reply Brief at p. 3). We disagree.
Although the court did reduce the interest rate to which FNMA was entitled, the court did not find that FNMA violated Act 6. If there were any ambiguity in the May 26 opinion, the bankruptcy court made its finding clear in its order of August 10 when it stated: "Our unappealed Opinion of May 26, 1988, made no finding or conclusion that Act 6 was violated in rejecting most of the Debtor's contentions concerning calculation of interest (while upholding entirely her TILA claim)." (Order of August 10 at ¶ 1(c)). The bankruptcy court permitted Herbert to file a certification for attorney's fees only under the TILA. (Id. at ¶¶ 1(a) and 2).
Therefore, because the bankruptcy court found no violation of Act 6, Herbert could not recover attorney's fees under that act without first successfully appealing the judgment on the merits. Herbert practically concedes this point in her brief: "The debtor's entitlement to attorney's fees and costs is a consequence of her having prevailed in the actions based on the provisions of the Act." (Brief for Appellant at 13). Herbert does not argue that the court specifically or explicitly found an Act 6 violation, but that in preventing the FNMA from collecting interest in excess of the amount permitted by the statute, she prevailed: "In the instant case the debtor was both a `person who was affected by a violation of the act' ... and a `debtor who prevailed in an action under the act.'" (Id. at 11). Herbert has pointed to no case law, *410 however, that supports her position that a debtor can prevail under an act without the act having been violated. Even if the factual findings of the Bankruptcy court were tantamount to an Act 6 violation,[6] as Herbert seems to argue, we could not logically award such fees without first concluding that FNMA violated Act 6; and we can not conclude that FNMA violated Act 6 without considering the merits of the controversy and reversing the judgment of the bankruptcy court that there was no such violation.
In support of her argument, Herbert cites Smith v. The Kissell Company, 98 B.R. 708 (Bankr.E.D.Pa.1989), in which U.S. District Judge McGlynn held, in a case involving similar substantive issues, that the bankruptcy court erred in refusing to entertain the debtor's fee petition. Smith is clearly distinguishable. In that case, the bankruptcy court made its merits determination and its final fee determination in the same order. Thus, the debtor's appeal of the fee determination, to the extent that it raised the merits determination, was timely.
Furthermore, Smith supports our conclusion that finding an Act 6 violation is logically necessary to sustain a finding that the debtor is the prevailing party. Judge McGlynn cited the relevant ruling of the bankruptcy court: The bankruptcy court denied the attorney's fee claim because he "`failed to see how a claim that the mortgagee miscalculated the interest due on its claims violated Act 6....' It is this ruling that is the subject of this appeal." Id. (quoting In re Smith, 92 B.R. 127, 133 (Bankr.E.D.Pa.1988) (emphasis added). Thus, in reversing the fee ruling, Judge McGlynn implicitly reversed the merits determination as well. In the case at bar, the inescapable fact remains that Herbert is trying to untimely appeal the decision on the merits. If we allow Herbert to reach the merits in this appeal, we would render meaningless the 10 day appeal limit of Rules of Bankr.Proc.Rule 8002, 11 U.S.C.A.
Herbert also argues that even if her appeal raises the question whether Act 6 was violated, because she is only seeking attorney's fees, her appeal remains timely. She argues that after the bankruptcy court clearly denied her attorney's fees under Act 6, it still could have awarded her an amount of fees that would have satisfied her and obviated the need for an appeal. While it may be true that the court theoretically could have awarded her sufficient fees under the TILA claim,[7] she still should *411 have protected herself by appealing the Act 6 decision in the likely event that she would not adequately recover: "The careful appellate advocate will file two appeals in each case where attorney fee adjudication is implicated  one after the merits judgment and one after the resolution of the attorney's fee dispute." West, 721 F.2d at 94. Because Herbert chose only to appeal the final fee determination, she foreclosed the possibility of review of the judgment on the merits.
In conclusion, as Herbert implicitly argues, the bankruptcy court may have erred under the doctrine of Smith in finding no Act 6 violation. However, we may not decide if this was error because having reached that final decision, the court did not err in concluding that Herbert was not a prevailing party and was therefore not entitled to attorney's fees. Thus, for the reasons adduced above, we must affirm the judgment of the bankruptcy court.
An appropriate order follows.
NOTES
[1] 41 Pa.Stat.Ann. § 202 provides as follows:

Reference in any law or document enacted or executed heretofore or hereafter to "legal rate of interest" and reference in any document to an obligation to pay a sum of money "with interest" without specification of the applicable rate shall be construed to refer to the rate of interest of six percent per annum.
[2] 42 Pa.Cons.Stat.Ann. § 8101 provides as follows:

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.
[3] "In the case of any successful action to enforce the foregoing liability ... [the creditor is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3).
[4] A notice of appeal from a judgment of the bankruptcy court must be filed within 10 days of the date of the entry of the judgment. Rules of Bankr.Proc.Rule 8002, 11 U.S.C.A.
[5] As noted infra, there is question whether Bankruptcy Judge Scholl made clear that he found no Act 6 violation in his May 26 opinion. If there were any ambiguity, however, he remedied it in the August 10 order.
[6] Naturally, FNMA would dispute this point. FNMA argues in its letter brief of June 14 that the Bankruptcy Court rejected most of the debtor's contentions concerning calculation of interest and that Act 6 is not violated where there is a good faith dispute concerning the applicable rate of interest. FNMA asserts that Act 6 is violated only where the debtor has actually "paid" an excessive rate of interest as opposed to having simply been charged the excessive rate. 41 Pa.Stat.Ann. § 502 (Purdon Sup..1988) ("A person who has paid a rate of interest ... at a rate in excess of that provided for by this act ... may recover triple the amount...."). But see Smith v. The Kissell Company, 98 B.R. 708 (Bankr.E.D.Pa.1989) (district court reverses bankruptcy court's conclusion that Act 6 not violated where mortgagee miscalculates interest due on its claims).
[7] For example, in fashioning its award, one might argue that the court could have considered the time spent unsuccessfully pursuing the Act 6 claim. For example, in civil rights cases courts have awarded attorney's fees to prevailing parties for work spent pursuing unsuccessful claims. The theory underlying this policy is that in complex civil rights litigation issues are overlapping and intertwined:

In order to represent their clients adequately, attorneys must explore fully every aspect of the case, develop all of the evidence and present it to the court. Time spent pursuing unsuccessful claims that were clearly without merit should be excluded. However, the mere fact that the litigants did not succeed in obtaining a judgment on all of the claims asserted does not mean that time spent pursuing these claims should automatically be disallowed.... Instead the court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case.
Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir.1981). See also Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1356 (11th Cir.1983); Gurule v. Wilson, 635 F.2d 782, 793 (10th Cir.1980). We know of no such rule that would require a bankruptcy court to similarly consider unsuccessful claims. The issues in the case at bar are not as intertwined as the issues in a civil rights action. (See e.g. Amended Certification for Attorney's Fees in which Herbert broke down time spent prosecuting each claim). Moreover, both Act 6 and the TILA have distinct attorney's fee sections. Therefore, the bankruptcy court did not err in disallowing fees for the unsuccessful prosecution of the Act 6 claim.