**UNDERGROUND STORAGE TANK INDEMNIFICATION FUND,**
Petitioner

v.

**MORRIS & CLEMM, PC, Robert F. Morris, Esquire and Patrick J. Stanley, Respondents.**

**Morris and Clemm, P.C., Petitioner**

v.

**Underground Storage Tank Indemnification Fund and Pennsylvania Insurance Department Bureau of Special Funds, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted: Aug. 22, 2014.
Decided Dec. 30, 2014.

Theresa Young, Philadelphia, for petitioner.

Seth D. Wilson, Plymouth Meeting, for respondents.

BEFORE: BERNARD L. McGINLEY, Judge, and MARY HANNAH LEAVITT, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge BROBSON.

Morris & Clemm, P.C. (Law Firm), Robert F. Morris (Morris), and Patrick J. Stanley (Stanley) (collectively, Moving Parties), in an action in this Court's original jurisdiction, move for summary judgment against the Underground Storage Tank Indemnification Fund (USTIF). For the reasons discussed below, the motion is denied.

The factual background of this case stretches back more than a decade. In 1998, Stanley installed new underground storage tanks at his place of business, the Penndel Service Center. After installation, the soil surrounding the tank was tested for contaminants. During this testing, one of the tanks was damaged, causing gasoline to leak into the soil. Corrective action, including investigation and remediation, was required as a result of the leak. USTIF, acting in accordance with its statutory obligation, paid for corrective action costs totaling $807,000, and it had a subrogation interest in recovering that amount.[1]

On July 6, 2001, Stanley filed an action in the Court of Common Pleas of Bucks County against Environmental Consulting, Inc.; Northeast Regional Probing, Inc.; and Monridge Construction, Inc. for damages arising from the gasoline leak (Common Pleas Action). Stanley then entered into a contingent fee arrangement with Morris of Law Firm to represent him in the suit. This contingent fee agreement provided that Morris and Law Firm would receive one-third of "whatever sum is paid to [Stanley] or on [his] behalf as a result of this claim, either by way of settlement or verdict." (Moving Parties' Mot. for Summ. J., Ex. C.) USTIF retained its own counsel, Rawel and Henderson, LLP (R & H), and on April 2, 2003, petitioned to intervene in the Common Pleas Action in order to protect its subrogation interest. Stanley and Morris initially opposed US-TIF's intervention on the basis that they were adequately protecting USTIF's interests, but they later consented to the intervention.

The parties eventually settled the Common Pleas Action for $752,000. It is from this settlement that the instant case arises. The settlement allocated proceeds between Stanley and USTIF, with Stanley receiving $250,000 and USTIF receiving $502,000. The settlement funds were sent to Morris for distribution. Morris distributed the funds to Stanley, withholding one-third of Stanley's portion (approximately $83,000) in accordance with the contingent fee agreement. Morris also distributed USTIF's funds, after also withholding one-third of USTIF's settlement proceeds (approximately $167,333—the disputed funds). Morris informed USTIF that he had withheld one-third of the funds in payment of his contingent fee based upon the authority of *Shearer v. Moore*, 277 Pa.Super. 70, 419 A.2d 665 (1980). USTIF informed Morris that he had no authority under the terms of the settlement agreement to withhold the disputed funds and that his reliance on *Shearer* was misplaced.

Shortly thereafter Law Firm commenced an action in the Court of Common Pleas of Montgomery County to compel USTIF to pay the $167,333 as its "pro-rata share of the fee for [Law Firm's] services

1. 25 Pa.Code § 977.40(a) ("The Fund, after any payment, shall be subrogated to all the rights of recovery of an owner or operator against any person for the costs of remediation.").

in recovering the [settlement] funds." Law Firm's complaint contained three counts-equity, an attorney charging lien, and a declaratory judgment action, each asking that the common pleas court recognize Law Firm's right to the disputed funds and allow Law Firm to disburse the disputed funds to itself.[2]

USTIF commenced a separate action in this Court's original jurisdiction against Law Firm, Morris, and Stanley, seeking to recover the remaining portion of its settlement proceeds—*i.e.,* the same $167,333 that was subject to the action in the Court of Common Pleas of Montgomery County. USTIF's complaint also contained three counts—conversion, unjust enrichment, and conspiracy, each asking this Court to enter judgment in USTIF's favor for the disputed funds, as well as interest, costs, punitive damages, and attorney's fees.

The Court of Common Pleas of Montgomery County transferred Law Firm's action to this Court's original jurisdiction by stipulation of the parties and order. Our Court consolidated the cases sua sponte.[3] Thereafter, the Moving Parties filed a Motion for Summary Judgment.

The Moving Parties assert that discovery is completed and that no genuine issues of material fact exist. They argue that they are entitled under various equitable theories[4] to summary judgment, because Morris was lead counsel for both Stanley and USTIF, and USTIF failed to litigate its own claims in the Common Pleas Action, relying instead upon Morris to achieve a favorable outcome.

USTIF filed a Response in Opposition to the Motion for Summary Judgment,[5] asserting, first, that the motion was premature because discovery is not yet complete and, second, that genuine issues of material fact exist. USTIF emphatically disputes Morris's claim that he was lead counsel for USTIF and that USTIF relied upon Morris to litigate the Common Pleas Action. Third, USTIF argues that even if no genuine issues of material fact exist, the Moving Parties are not entitled to payment from USTIF under any theory.[6]

2. Law Firm has deposited the disputed funds into its Interest on Lawyers Trust Accounts (IOLTA) account.

3. We note that USTIF commenced a third action regarding the disputed funds in the Court of Common Pleas of Philadelphia County, which subsequently transferred the matter to this Court. This third action, now docketed at 10 M.D. 2013, has not been consolidated with the two cases presently before us, and the issues presented therein were not addressed by the parties in the motions or briefs currently before this Court.

4. The Moving Parties make the following equitable arguments: (1) subrogation is an equitable principle which requires USTIF to pay a pro rata share of Law Firm's attorney fees; (2) the common fund doctrine applies; (3) USTIF will be unjustly enriched if allowed to keep the disputed funds; and (4) Law Firm is entitled to the disputed funds under the principles of quantum meruit.

5. USTIF did not file a cross-motion for summary judgment on its own behalf or ask that we grant summary judgment in its favor as part of the relief sought. We are, therefore, unable to enter summary judgment in favor of USTIF. *See Bensalem Twp. Sch. Dist. v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318, 1320 (1988) (holding this Court's entry of summary judgment in favor of non-moving party was improper under the Pennsylvania Rules of Civil Procedure); *Mountain Vill. v. Bd. of Supervisors, Longswamp Twp.,* 828 A.2d 411, 413 n. 4 (Pa.Cmwlth.2003) (noting that although summary judgment cannot generally be entered in favor of non-moving party, non-moving party had requested summary judgment as alternative relief in its answer and distinguishing *Bensalem Township* on that basis), *aff'd,* 582 Pa. 605, 874 A.2d 1 (2005).

6. USTIF argues that: (1) it is not required to pay any fees to Law Firm because there was no agreement between USTIF and Law Firm regarding representation or fees; (2) Morris's

Summary judgment is appropriately granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *401 Fourth St., Inc. v. Investors Ins. Grp.*, 583 Pa. 445, 879 A.2d 166, 175 n. 4 (2005); Pa. R.C.P. No. 1035.2.[7] A party is entitled to judgment as a matter of law only where the entire record, including all pleadings, depositions, answers to interrogatories, admissions, affidavits and expert reports, establishes that the moving party's right is "clear and free from doubt." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 962 A.2d 639, 647 (2009). We examine the record in the light most favorable to the non-moving party, and any doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.*

The Moving Parties assert a subrogation claim against USTIF, relying on *Shearer v. Moore*, 277 Pa.Super. 70, 419 A.2d 665 (1980). In *Shearer*, Tracy Shearer, a minor and welfare recipient, was seriously injured when she was struck by a car driven by John Moore. The Department of Public Welfare paid for Tracy's medical expenses, in the amount of $1,703. Tracy's guardian filed suit against Moore on behalf of Tracy and ultimately settled the case for $20,000. Prior to distribution of the funds, the Commonwealth intervened and demanded reimbursement of the medical expenses paid on Tracy's behalf. The trial court awarded $1,118.31 to the Commonwealth, reducing its recovery by a proportionate share of Tracy's attorney's fees and costs. On appeal, the Superior Court noted that the Commonwealth had not intervened until after Tracy's attorney created a fund by settling the case. The court explained:

> In effect, the Commonwealth became subrogated to the rights of [Tracy] to the extent of $1,703. We have held that where a subrogor's attorney creates a common fund for the benefit of the subrogor and subrogee, the attorney is entitled to reimbursement from the subrogee for its proportionate share of reasonable attorney's fees and expenses of litigation. We are of the opinion that ... the rule should be the same where the subrogee is the Commonwealth.
>
> ... It would be manifestly unjust to permit the Commonwealth to recover its entire claim and permit it to avoid any part of the cost of creating the fund while requiring [Tracy] to pay a disproportionately large share.

*Id.* at 668 (citations omitted). Thus, the Superior Court affirmed the trial court's order.

Here, although the Moving Parties couch their arguments in terms of subrogation and equity, this is not a subrogation situation. Unlike *Shearer*, this is not a case where Stanley recovered, paid an attorney's fee on the entire recovery, and was then forced to reimburse USTIF a portion of the recovery without USTIF paying a share of the attorney fee that led to the recovery. USTIF received a recovery from the Common Pleas Action defendants separate from Stanley's recovery. Thus, this case is not about ensuring Stanley does not pay a disproportionately large share of Morris's attorney's fees, as would

---

decision to withhold a third of the settlement is a violation of the Pennsylvania Rules of Professional Conduct; (3) the common fund doctrine does not apply; and (4) quantum meruit does not apply.

**7.** "Sitting in original jurisdiction, we look to the rules of civil procedure for the standard to determine whether we should grant summary judgment." *Shaffer–Doan ex rel. Doan v. Dep't of Pub. Welfare*, 960 A.2d 500, 505 n. 8 (Pa.Cmwlth.2008).

be the issue in a subrogation case like *Shearer.* Indeed, this case could not possibly be about Stanley paying a disproportionate amount, as Stanley has paid Morris only exactly what was agreed—*i.e.*, one-third of the amount *he* recovered. Rather, this action is about Law Firm and Morris seeking to increase their own profit from the litigation.

Morris's argument is, in actuality, a division of labor argument. He argues that he is entitled to payment from USTIF, a party who was not his client and who had its own legal counsel, because Morris contends that he was "lead counsel" and did most of the work. We, however, are unaware of any case law or legal principle that would allow Morris to collect an attorney's fee from a party with whom he had no representation or fee agreement, and who, in fact, rejected Morris's offer to represent its claim by hiring its own counsel and intervening. If Morris acted as lead counsel, whether by accident, design, or demand, then he did so gratuitously—not only without a contract with USTIF, but with full knowledge that USTIF had rejected his offer to represent its interests and had retained its own legal counsel.

In sum, Morris and Law Firm have already recovered everything they were entitled to under their contingent fee agreement with Stanley. The principles of subrogation and equity relied upon by Morris and Law Firm do not apply here, as Stanley has not paid a fee on USTIF's recovery, but only on his own. We are unaware of any case law which would allow Morris to recover a fee from USTIF based upon his division of labor argument, and the Moving Parties have not cited any such support. We, therefore, must conclude that the Moving Parties have failed to establish that they are entitled to judgment as a matter of law and are, thus, not entitled to summary judgment in their favor.

Accordingly, the Moving Parties' Motion for Summary Judgment is denied.

### ORDER

AND NOW, this 30th day of December, 2014, the Motion for Summary Judgment filed by Morris and Clemm, P.C., Robert F. Morris, Esquire, and Patrick J. Stanley is hereby DENIED.