566 A.2d 307

William Alan O'NEIL, a Minor By and Through his Parents and Natural Guardians, Janet O'NEIL and Carl O'Neil and Janet O'Neil and Carl O'Neil in Their Own Right

v.

HENRY'S RIVERSIDE MARKET.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE.

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Nov. 16, 1989.

Jason W. Manne, Pittsburgh, for Dept. of Public Welfare, appellant.

Neil R. Rosen, Pittsburgh, for appellees.

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This case involves an appeal from the order of the Court of Common Pleas of Venango County approving settlement of a minor's claim by the appellant/Commonwealth of Pennsylvania, Department of Public Welfare.[1]  We affirm.

The facts are not contested and indicate that, as a result of an incident occurring on March 30, 1987, William Alan O'Neil, a minor, sustained personal injuries on the premises of Henry's Riverside Market in Venango County.[2]

Counsel for the minor, after numerous discussions with representatives of the Market's insurance carrier, concluded that an offer of settlement in the amount of $9,000.00 was fair, reasonable and should be accepted by the minor.  In accordance therewith, given O'Neil's status as a minor, his counsel sought court approval to settle the claim owed to, as well as monies owed by, the minor.

In a petition to settle the minor's claims, his counsel set forth a proposed distribution of the monies, the sum of

---

1.  The order was reduced to judgment by being entered on the docket.

2.  Henry's Riverside Market is not a party to this appeal.

which $706.00 was to be paid to the appellant, less attorney's fees of 40%, i.e., $282.40.

The Petition for Leave to Settle the Minor's Claim was granted consistent with counsel's distributive scheme on May 13, 1988. On the same date the Petition was granted, the appellant filed an answer with new matter contending that the 40% attorney's fee against the Commonwealth of Pennsylvania's claim, when the minor and the other creditors were being charged only 33⅓%, was unjustified. Further, the appellant claimed that its receipt of only two days written notice prior to the time the Petition to settle was to be heard in court was "unreasonable" and did not afford it sufficient time to appear and respond to the content of the Petition's attorney-fee structure in court.

The court below denied the appellant's complaints and a timely appeal to this Court followed wherein the same two issues raised below are argued again by the appellant to this Court.

■ On the issue of the ability of counsel for the appellant to deduct attorney's fees for aiding in securing monies for the minor, and prorating such fee against the total amount recovered before distributing the remainder to the various creditors, we would observe that 62 P.S. § 1409(b)(7)(i) allows for the payment of reasonable attorney's fees prior to allowing as a first lien against the amount of such original judgment or award, the amount of the appellant's expenditures for the benefit of the beneficiary under the medical assistance program. As made mention by the attorney for the minor at his brief at page 11, "The Legislature, when referring to 'such judgment or award' could only have meant the *original* judgment or award, unaffected by any offset for costs or attorney's fees." (Emphasis in original) We agree, for in subparagraph (ii) of the same statute, the Legislature took pains to allow for the payment of services rendered, by one such as the appellant where it aids in prosecuting the beneficiary's case, "out of the balance of such judgment or award" once attorney's fees have been paid. Thus, we find ample sup-

port in the language of § 1409 to require the appellant to be debited its prorata share of attorney's fees for counsel for the minor's efforts in creating the fund from which the distribution was being made without any assistance or aid from the appellant. See also *Shearer v. Moore,* 277 Pa.Super. 70, 419 A.2d 665 (1980).

The amount of attorney's fee sought to be deducted form the appellant's share of its remuneration was offered to be reduced from 40% to 33⅓% to conform to the fee-percent paid by the minor and the amount charged other creditors. However, the appellant refused the offer. See correspondence dated November 9, 1988, November 7, 1988, and November 4, 1988, between counsel for the minor and counsel for the appellant, wherein the offer to reduce the fee charged was rebuffed by the appellant. Since an attorney's fee was required to be paid by the appellant, as we interpret § 1409, and counsel for the minor offered to reduce the initial fee, the appellant's rejection of the same will not allow him to complain now.

■ As for the appellant's argument that 48 hours notice by counsel for the minor of the presentment of the Petition to settle the minor's claim was unreasonable and deprived it of due process, we must point out that, albeit the appellant had only 48 hours notice of the impending proceeding, the appellant's counsel did communicate to the court below in the following manner to the Petition by indicating: "because of ... the smallness of our claim, I will not rearrange my schedule to appear in court to contest the motion."

We find that the appellant had no intention of appearing at the minor's settlement proceeding, given the size of the monies to be recouped. Further, even if the appellant's counsel desired to be present and found the constraints of other legal matters impairing his ability to appear to object to the attorney's fee matter, he could have asked for a "continuance". No such course was pursued, and no reason for failing to do so is stated by appellant's counsel.

Accordingly, based on the record before this Court, no relief will be granted the appellant.[3]

Order affirmed.

**3.** The appellant directs our attention, in a post-submission communication to this Court pursuant to Pa.R.App.P. 2501, to the case of *Kavanaugh v. Kavanaugh*, 157 Pa.Super. 251, 42 A.2d 323 (1915), to buttress its contention that 48 hours notice of the hearing of the minor's Petition was not "reasonable" and requires reversal of the lower court's order.

Unlike *Kavanaugh*, however, the appellant instantly communicated with the court below advising the court that its attorney would not rearrange his schedule to appear at the proceeding. Such a fact, in conjunction with the appellant's ability to have sought a continuance and did not, prompts this Court to affirm the lower court's order.

If time existed for the appellant's counsel to communicate in writing that he would not arrange his schedule to appear at the hearing, he certainly had the time to seek a continuance. The failure to do so cannot be condoned by this Court with a reversal of the lower court's order.