**Nicholas CATALDI, an incapacitated person, by his Guardian, Linda CATALDI, Appellee,**

v.

**METHODIST HOSPITAL and Coordinated Health Services, Inc., Bruce Hart, M.D., Steven Katz, M.D. and V.S. Shankar, M.D.**

**Appeal of Healthcare Management Alternatives, Inc., (HMA), Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1999.

Filed March 3, 2000.

Nahum A. Kianovsky, Philadelphia, for appellant.

Carl N. Martin, II, Philadelphia, for Nicholas Cataldi, appellee.

Before McEWEN, President Judge, and STEVENS and ORIE MELVIN, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Healthcare Management Alternatives, Inc., (HMA) appeals from the Judgment entered on the May 3, 1999 Order which granted in part HMA's Petition for Writ of Execution, or in the Alternative Leave to Intervene as Plaintiff's Subrogee. We affirm.

¶ 2 The facts and procedural history may be summarized as follows. In November 1994, Nicholas Cataldi suffered a traumatic brain injury. By Order dated July 2, 1996, the Orphans' Court adjudged him totally incapacitated and appointed his mother, Linda Cataldi, as his guardian. On October 29, 1998, Linda Cataldi, as guardian, filed a medical malpractice action on behalf of her son against Methodist Hospital, Dr. Bruce Hart, Dr. Steven Katz and Dr. V.S. Shankar. On or about September 18, 1998, the parties informed the trial court they had reached a settlement of the case. On September 24, 1998, Linda Cataldi filed a Petition to Approve Incapacitated Person's Settlement with the Orphans' Court Division. On September 25, 1998, HMA filed a Petition for Writ of Execution, or in the Alternative Leave to Intervene as Plaintiff's Subrogee. HMA alleged in its Petition the Department of Public Welfare's (DPW) HealthPASS medical assistance program paid a portion of Mr. Cataldi's medical bills. Because HMA administered the HealthPASS program through its contract with DPW, HMA claimed a lien against any settlement in the amount of $100,377.65 pursuant to 62 P.S. § 1409. On October 30, 1998, Linda Cataldi filed an Amended Petition for Leave to Settle or Compromise Incapacitated Person's Action in which she specifically requested HMA to pay a portion of the counsel fees incurred in instituting the third party action which resulted in the settlement.

¶ 3 On November 2, 1998, the Orphans' Court entered an Order Approving Settlement in the amount of $4.25 million dollars. Among the various disbursements contained in the settlement, the Orphans' Court specifically directed HMA's lien in the amount of $100,377.65 be held in escrow pending Judge Allan Tereshko's determination of HMA's Petition for Writ of Execution, or in the Alternative Leave to Intervene as Plaintiff's Subrogee. It further ordered that any refund that may be paid to Mr. Cataldi shall be paid to the guardian of his estate. On April 29, 1999,

a hearing was held on HMA's Petition. On May 3, 1999, the trial court entered an Order granting HMA's Petition in part. Preliminarily it found HMA was the assignee of the lien holder, DPW, and accordingly had standing to bring the Petition. Relying on the holding in *O'Neil v. Henry's Riverside Market*, 388 Pa.Super. 634, 566 A.2d 307 (1989), the trial court directed the full amount of HMA's lien be reduced by the cost of recovering the lien, i.e., the pro rata share of attorney's fees. Specifically, the trial court ordered one-third or $33,124.62 of the $100,377.65 lien to be released from escrow to the trustee account of Mr. Cataldi and the remaining $65,253.03 released to HMA. On May 20, 1999, the trial court entered judgment on the May 3, 1999 Order. HMA's appeal followed.

¶ 4 HMA presents one question for our review:

> [Whether] 62 P.S. § 1409 requires that the Pennsylvania Department of Public Welfare ("DPW") is entitled to recover the full amount it has paid for the medical care of a Medicaid recipient from the settlement proceeds of that Medicaid recipient without a deduction from DPW's recovery for the recipient's attorney's fees.

HMA's Brief at 3.

¶ 5 Pursuant to 62 P.S. § 1409(b)(1), the entire amount of any settlement of the injured beneficiary's action or claim is subject to the DPW's claim for reimbursement. The question presented here is whether DPW is entitled to recover the full amount of its lien or whether its lien must be reduced by the pro rata share of attorney's fees expended by Mr. Cataldi in instituting the underlying medical malpractice action. In determining this issue, we turn to 62 P.S. § 1409(b)(7)(i), which provides for the priority of expenses which are to be deducted from a beneficiary's award or judgment.

### § 1409. Third party liability

\* \* \*

(b)(7) In the event of judgment or award in a suit or claim against such third party or insurer:

(i) If the action or claim is prosecuted by the beneficiary alone, the court or agency shall first order paid from any judgment or award the reasonable litigation expenses, as determined by the court, incurred in preparation and prosecution of such action or claim, together with reasonable attorney's fees, when an attorney has been retained. After payment of such expenses and attorney's fees the court or agency shall, on the application of the department, allow as a first lien against the amount of such judgment or award, the amount of the department's expenditures for the benefit of the beneficiary under the medical assistance program, as provided in subsection (d).

62 P.S. § 1409.

¶ 6 Although this section clearly provides DPW has a first lien after the payment of reasonable attorney's fees to recover the amount expended on the beneficiary's behalf, it does not specifically address whether DPW is required to contribute a pro rata share of attorney's fees expended in obtaining an award or judgment.[1]

¶ 7 However, in *O'Neil v. Henry's Riverside Market,* 388 Pa.Super. 634, 566 A.2d 307 (1989), this Court interpreted § 1409 to require the DPW to reduce its portion of a settlement by a pro rata share of the

beneficiary's attorney's fees. In *O'Neil,* a minor sustained personal injuries on the premises of Henry's Riverside Market. The minor's counsel negotiated a settlement in the amount of $9,000 and petitioned for leave to settle the minor's claim. In the petition, the minor's counsel proposed $706.00 of the settlement was to be paid to the Department of Public Welfare less attorney's fees of 40% or $282.40. DPW appealed, and this Court addressed whether § 1409 should be interpreted to require DPW be debited its pro rata share of attorney's fees from its portion of the settlement. In doing so, the Court analyzed the provisions of § 1409(b)(7)(i) and (ii)[2] stating:

... we would observe that 62 P.S. § 1409(b)(7)(i) allows for the payment of reasonable attorney's fees prior to allowing as a first lien against the amount of such original judgment or award, the amount of the appellant's expenditures for the benefit of the beneficiary under the medical assistance program. As made mention by the attorney for the minor in his brief at page 11, "The Legislature, when referring to 'such judgment or award' could only have meant the original judgment or award, unaffected by any offset for costs or attorney's fees." (Emphasis added in original). We agree, for in subparagraph (ii) of the same statute, the Legislature took pains to allow for the payment of services rendered, by one such as the appellant where it aids in prosecuting the beneficiary's case, "out of the balance of

1. We recognize § 1409(b)(11) provides a limitation to the department's recovery. This section provides the department's claim for reimbursement may not exceed one-half of the beneficiary's recovery after deducting attorney's fees, litigation costs, and medical expenses relating to the injury paid for by the beneficiary. This section is not applicable here when DPW's claim of $100,377.65 does not exceed one-half of Mr. Cataldi's recovery after deduction of attorney's fees, costs and expenses.

2. Section 1409(b)(7)(ii) provides:

If the action or claim is prosecut[ed] both by the beneficiary and the department, the court or agency shall first order paid from any judgment or award, the reasonable litigation expenses incurred in preparation and prosecution of such action or claim, together with reasonable attorney's fees based solely on the services rendered for the benefit of the beneficiary. After payment of such expenses and attorney's fees, the court or agency shall apply out of the balance of such judgment or award an amount of benefits paid on behalf of the beneficiary under the medical assistance program.

such judgment or award" once attorney's fees have been paid. **Thus, we find ample support in the language of § 1409 to require the appellant be debited its pro rata share of attorney's fees for counsel for the minor's efforts in creating the fund from which the distribution was being made without any assistance or aid from the appellant.** *See also Shearer v. Moore*, 277 Pa.Super. 70, 419 A.2d 665 (1980).

*Id.*, at 309 (Emphasis added).

¶ 8 We recognize *Shearer*, was not interpreted under § 1409, but under the Support Law, 62 P.S. § 1971–1976. However, the *O'Neil* Court found its holding persuasive. In *Shearer*, the DPW made medical assistance payments to an injured minor. When the claim against the third party tortfeasor reached a settlement, DPW demanded reimbursement. In applying the equitable principles of subrogation, the Court held ... "where a subrogor's attorney creates a common fund for the benefit of the subrogee, the attorney is entitled to reimbursement from the subrogee for its proportionate share of reasonable attorney's fees and expenses of litigation." *Id.*, at 668.

¶ 9 The *O'Neil* Court adopted this principle in concluding DPW's share of the settlement obtained by the minor in the third party action against the tortfeasor was properly reduced by a pro rata share of the minor's attorney's fees. *O'Neil* is analogous to the instant case. Like *O'Neil*, Mr. Cataldi's guardian instituted the action which resulted in the creation of a fund from which DPW now seeks reimbursement. DPW did not participate in the prosecution of this case or aid in the negotiations which led to settlement. *O'Neil*, interpreted § 1409 to require DPW be debited the pro rata share of attorney's fees from its lien. Relying on our holding in *O'Neil*, we find no merit to HMA's contention it is not required to pay a pro rata share of Mr. Cataldi's attorney's fees.

¶ 10 Judgment affirmed.