**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant,**

v.

**Craig TETRAULT.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2003.

Decided April 29, 2003.

---

Kenneth J. Suter, Harrisburg, for appellant.

Lisa M. Benzie, Harrisburg, for appellee.

Before McGINLEY, J., SMITH–RIBNER, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The Department of Public Welfare (Department), appeals from the September 10, 2002 order of the Court of Common Pleas of Centre County (trial court) that limited the Department's recovery of Medicaid (MA) expenses paid on behalf of Craig Tetrault (Tetrault) to 60% of the sums expended. We are asked to consider whether the trial court erred in reducing the Department's recovery by the percentage of negligence attributed to Tetrault in a third-party action filed by him against the original tortfeasor. We now reverse the trial court and remand for entry of a lien in favor of the Department in the amount of $8,004.47.

On May 3, 1995, Tetrault suffered injuries after he fell off a ladder. The Department paid Tetrault's medical expenses in the amount of $48,698.08 through the MA program.

Tetrault then pursued a legal action against a third party to recover damages for the injuries he sustained as a result of his fall from the ladder. After a trial held July 13–14, 1998, the jury returned a verdict in Tetrault's favor. Although the jury awarded Tetrault damages in the amount of $173,525.18, it further found that he was 40% negligent. Accordingly, the trial court molded the verdict and entered judgment for Tetrault in the amount of

$104,115.10, plus $5,758.42 in interest. Tetrault then reimbursed the Department $12,006.71 of the $48,696.08 MA expenses the Department paid on his behalf.

On April 29, 2002, the Department filed a Petition to Adjudicate Medicaid Lien. In addition to the foregoing facts, the parties stipulated that the amount in controversy is $8,004.47.[1]

■ Concluding that this matter was governed by Section 1409(b)(1) of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended, added by* Section 3 of the Act of July 10, 1980, 62 P.S. § 1409(b)(1), the trial court determined that the Department may only recover for injuries for which another person is liable and not for those injuries resulting from the beneficiary's own comparative negligence. Disagreeing with the trial court's determination, the Department appeals.

■ "The Medicaid program was established in 1965 in Title XIX of the Social Security Act[2] to provide federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons." *Ptashkin by & through Fliegelman v. Department of Pub. Welfare,* 731 A.2d 238, 240 (Pa.Cmwlth. 1999) (quoting *Oriolo v. Department of Pub. Welfare,* 705 A.2d 519, 520 (Pa. Cmwlth.1998)). "Coverage may be provided for those described as the 'medically needy,' whose income and resources are insufficient to meet necessary medical costs." *Ptashkin,* 731 A.2d at 240.

In the introductory paragraph of the 1980 Amendments to the Code, the General Assembly stated that

it is in the interest of the people of Pennsylvania to establish a legal and regulatory basis for controlling medical assistance fraud and abuse of services reimbursed by Federal and State funds. The purpose of the act is not to penalize the majority of recipients and providers who abide by medical assistance laws and regulations, but rather to eliminate fraudulent, abusive and deceptive conduct and practices that may occur. It is in the public interest that medical assistance services be administered and regulated in a way that will ensure that public funds will be properly expended for essential services to medically needy persons.

Legislative intent contained in Act 105 of July 10, 1980, P.L. 493.

To effectuate its goals, the General Assembly added Section 1409 of the Code to allow the Department to recover the reasonable value of the benefits provided to a beneficiary where a third party is liable for the beneficiary's injuries. Seemingly modeled after legislation originating in California, Section 1409(b)(1), upon which the trial court relied, provides:

[w]hen benefits are provided or will be provided to a beneficiary under this section because of an injury for which another person is liable, or for which an insurer is liable in accordance with the provisions of any policy of insurance issued pursuant to Pennsylvania insurance laws and related statutes the [D]epartment shall have the right to recover from such person or insurer the reasonable value of benefits so provided. The Attorney General or his designee may, at the request of the [D]epartment, to enforce such right, institute, and prose-

---

**1.** The Department has a policy of reducing its MA lien by an amount equal to its *pro rata* share of a beneficiary's reasonable attorney's fees and expenses associated with litigation of the third-party claim. *See O'Neil v. Henry's*

*Riverside Mkt.,* 388 Pa.Super. 634, 566 A.2d 307 (1989). Therefore, the Department does not dispute that portion of the reduction.

**2.** 42 U.S.C. §§ 1396–1396r.

cute legal proceedings against the third person or insurer who may be liable for the injury in an appropriate court, either in the name of the [D]epartment or in the name of the injured person, his guardian, personal representative, estate or survivors.

62 P.S. § 1409(b)(1).

Thus, the Code allows the beneficiary, the Department, or both to bring an action against a third party. If an action is brought against a third party by the beneficiary alone, subsection (b)(7)(i) provides that

> the court ... shall first order paid from any judgment or award the reasonable litigation expenses, as determined by the court, incurred in preparation and prosecution of such action or claim, together with reasonable attorney's fees, when an attorney has been retained. After payment of such expenses and attorney's fees the court ... shall, on the application of the [D]epartment, allow as a first lien against the amount of such judgment or award, the amount of the [D]epartment's expenditures for the benefit of the beneficiary under the medical assistance program, as provided in subsection (d).

62 P.S. § 1409(b)(7)(i).[3]

Neither subsection specifically addresses whether the Department's recovery is to be reduced by the beneficiary's comparative negligence, if any is found to exist. Rather, the Department is entitled to recover the "reasonable value of the benefits

so provided" and "the amount of [its] expenditures for the benefit of the beneficiary." 62 P.S. §§ 1409(b)(1) and (b)(7)(i), respectively.

While the trial court concluded that the plain meaning of Section 1409(b)(1) limits the Department's recovery to monies paid out for injuries for which a third party is liable, it failed to consider the language of subsection (b)(11) of Section 1409. That subsection limits the Department's recovery, with or without suit, to one-half of the beneficiary's recovery after deducting for attorney's fees, litigation costs and medical expenses relating to the injury paid by the beneficiary. 62 P.S. § 1409(b)(11).[4]

■ When read in pari materia,[5] the Department is entitled to a first lien for the reasonable value of the benefits provided to the beneficiary not to exceed 50% of the beneficiary's award against a third party. Section 1409(b)(11), which sets forth the limits of Department's recovery, is silent as to the beneficiary's negligence, and bases recovery on "the entire of the amount of any settlement of the injured beneficiary's action or claim, with or without suit." *Id.*

Had the General Assembly intended to reduce the Department's recovery by the beneficiary's comparative negligence, it could have easily done so given that it provided for the deduction of attorney's fees, costs of litigation, and medical expenses paid by the beneficiary in determining the amount subject to the Department's recovery. The maxim "*expressio*

---

3. Added by Section 3 of the Act of July 10, 1980, P.L. 493. This language mimics that found in Section 14124.74(a) of the California Code, *Welf. & Inst.* § 14124.71(a). The last line of Section 1409(b)(7)(i) refers to those expenditures made under the medical assistance program "as provided in subsection (d)." 62 P.S. § 1409(b)(7)(i). Section 1409, however, does not contain a "subsection (d)" and, therefore, we assume that this was an oversight on the part of the General Assembly.

4. Added by Section 3 of the Act of July 10, 1980, P.L. 493. Similar language appears in California Code *Welf. & Inst.* § 14124.78.

5. *See* Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932 (statutes are to be read in pari materia).

*unius est exclusio alterius,*" that is, where the legislature expressly mentions one thing in a statute, we must assume that it intended to exclude all things omitted, is certainly applicable here.

Furthermore, we are persuaded by two decisions of our sister courts. In *Indiana Department of Pub. Welfare v. Guardianship of McIntyre,* 471 N.E.2d 6 (Ind.Ct. App.1984), the Indiana Fourth District Court of Appeals addressed the same issue in the context of a settlement. In that case, a minor child suffered permanent injuries in a two-car accident. The MA program, administered through Indiana's Department of Public Welfare, provided $49,320.40 for the treatment of the minor's injuries and filed a lien in this amount on any recovery obtained from the drivers or their insurers.

Thereafter, the minor's mother settled a third-party claim against the drivers for $106,500. The Superior Court of Indiana concluded, however, that the department was entitled only to recover $15,000 in satisfaction of its lien.

On appeal, the Fourth District Court of Appeals reviewed Indiana Code Section 12–1–7–24.6(a), which provides that where the department has paid medical expenses on behalf of an injured person and that person asserts a claim against another person for that injury, the department has a lien against the tortfeasor "to the extent of the amount paid by the department on any recovery under the claim, by judgment, compromise or settlement." IND.CODE § 12–1–7–24.6(a). The court held that this language was clear and unambiguous, thereby allowing the state a lien on settlement proceeds for the *total* benefits provided by the department.

Similarly, in *Wright v. Department of Benefit Payments,* 90 Cal.App.3d 446, 153 Cal.Rptr. 474 (1979), the Third Appellate District interpreted the very same language at issue in the case *sub judice,*

albeit in the context of a settlement. In *Wright,* a six-year old boy was stuck by a vehicle as he attempted to cross a street. His medical treatment cost approximately $6,500 and was paid by Medi–Cal.

After the boy's guardian filed a lawsuit against the driver of the vehicle, the Department of Benefit Payments filed its notice of lien for recovery of its Medi–Cal expenditures. Because there were serious questions regarding liability, the lawsuit was settled for $20,000.

The guardian refused to repay the department's lien and, in a declaratory judgment action, argued that because the settlement represented only 20% of the dollar amount of the boy's injuries, comparative negligence principles required that the department's reimbursement be reduced in proportion to the amount of negligence attributed to the boy.

In affirming the decision of the Superior Court of Sacramento County, the Third Appellate District noted that the statute gave no hint of a legislative intent to reduce Medi–Cal liens in proportion to the percentage of fault attributable to the affected beneficiary. The court further noted that the statute gave the department a direct right of action against the tortfeasor, independent of the boy's right to recover. Therefore, there was no basis to impute to the department the boy's negligence.

We are persuaded by the Third Appellate District's decision, mindful that both Section 14124.71 of the California Welfare and Institutions Code and *Wright* pre-dated the 1980 Amendments to the Code. Section 1409(b)(7) of the Code is modeled after its California counterpart and the California court's interpretation is in accordance with our General Assembly's intent, *i.e.* that public funds be available to help the medically needy.

Because the General Assembly could have provided by statute that the Depart-

ment's recovery is limited by the beneficiary's comparative negligence and because we are persuaded by California's interpretation of the same language found in Section 1409(b)(7) of the Code, we conclude that the trial court erred in limiting the Department's recovery to 60% of the medical expenses it paid on Tetrault's behalf. Accordingly, the order of the trial court is reversed and the matter is remanded to the trial court for entry of a lien in favor of the Department in the amount of $8,004.47.

### ORDER

AND NOW, this 29th day of April, 2003, the September 10, 2002 order of the Court of Common Pleas of Centre County is REVERSED and this matter is remanded to the court for entry of a lien in favor of the Department of Public Welfare in the amount of $8,004.47.

Jurisdiction relinquished.

